ANTHONY MAURICE BEATTY, BY AND THROUGH HIS GUARDIAN AD LITEM, NANCY BEATTY, PLAINTIFF v. CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, BILLY CHEEK AND THOMAS BRIDGES, DEFENDANTS

No. 8926SC1043

(Filed 7 August 1990)

**Schools § 11.1 (NCI3d) — school board — negligent design of school bus route and stop — general liability insurance — no waiver of governmental immunity**

Defendant board of education's purchase of general liability insurance did not waive its governmental immunity with respect to a claim for injuries to a student who was struck by a car based on alleged negligence by the board in the design of a school bus route and stop since the student's injuries were excluded from coverage under the liability policy by a provision excluding coverage for injuries arising out of "the ownership, maintenance, operation, use, loading or unloading of any . . . automobile" owned or hired by the board to transport pupils to and from schools.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 59, 60, 577, 584, 586.**

APPEAL by plaintiff from order entered 14 August 1989 in MECKLENBURG County Superior Court by *Judge Frank W. Snepp.* Heard in the Court of Appeals 5 April 1990.

On the morning of 1 December 1986 plaintiff, then 11 years old, attempted to cross Delta Road, a busy, four-lane road in

BEATTY v. CHARLOTTE-MECKLENBURG BD. OF EDUCATION

[99 N.C. App. 753 (1990)]

Charlotte, to reach his assigned school bus stop. Before he could reach the waiting bus, plaintiff was struck by a truck driven by defendant Billy Cheek. Plaintiff suffered a serious head injury and is permanently disabled.

Through his mother and guardian ad litem, plaintiff brought a negligence action against the Charlotte-Mecklenburg Board of Education (the Board), Thomas Bridges, principal of plaintiff's elementary school, and Billy Cheek, driver of the truck. The defendants Board of Education and Thomas Bridges answered, cross-claimed, and moved to dismiss. The defendants moved to dismiss the action pursuant to Rules 12(b)(1), (2) and (6) of the North Carolina Rules of Civil Procedure. The Rule 12(b)(6) motion was based on the grounds of governmental immunity. A hearing was held on defendants' Board of Education and Bridges motions. After hearing arguments of counsel and reviewing the Board's liability insurance policy, thereby treating the motions to dismiss as a motion for summary judgment, the trial court ordered that plaintiff's claims against these two defendants be dismissed. Plaintiff appeals.

*C. Murphy Archibald and Seth H. Langson for plaintiff-appellant.*

*Weinstein & Sturges, P.A., by Hugh B. Campbell, Jr. and Judith A. Starrett, for defendant-appellees Charlotte-Mecklenburg Board of Education and Thomas Bridges.*

WELLS, Judge.

We first note that the order in the present case addresses only two of the three defendants in this cause of action. An order which does not adjudicate the rights and liabilities of all of the parties is interlocutory and not generally subject to appeal. *Smith v. Nationwide Mutual Fire Ins. Co.*, 96 N.C. App. 215, 385 S.E.2d 152 (1989), *disc. rev. denied*, 326 N.C. 365, 389 S.E.2d 816 (1990). However, the trial court, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (1983), expressly certified that there was no just reason for delay of this appeal. We therefore proceed to address the merits of plaintiff's appeal.

The issue on appeal is whether the trial court erred in dismissing plaintiff's claims against defendants the Board and Bridges based on the defense of governmental immunity. Plaintiff maintains that his claim asserting negligent design of school bus route and stop location is a legally sufficient cause of action and the exclu-

sionary language in the Board's liability insurance policy does not preclude coverage for his injuries. For the reasons which follow, we disagree.

A county or city board of education is a governmental agency, and therefore is not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority. *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 348 S.E.2d 524 (1986), and cases cited therein. Pursuant to N.C. Gen. Stat. § 115C-42 (1987), any local board of education is authorized to waive its governmental immunity from liability by securing liability insurance as provided for in the statute. The primary purpose of the statute is to encourage local school boards to waive immunity by obtaining insurance protection while, at the same time, giving such boards the discretion to determine whether and to what extent to waive immunity. *Overcash, supra.* The statute makes clear that unless the negligence or tort is covered by the insurance policy, sovereign immunity has not been waived by the Board or its agents. In pertinent part the statute provides:

> . . . [I]mmunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

G.S. § 115C-42. Furthermore, state statutes waiving sovereign immunity must be strictly construed. *Overcash, supra.*

At the time of plaintiff's accident the Board's general liability coverage was provided by a self-funded risk management program. However, prior to the Board's implementation of the self-insurance program, it had purchased a commercial general liability insurance policy issued by Nationwide Mutual Insurance Company. For purposes of this action the Board stipulated that the self-funded risk management program provides general liability coverage for the same risks and to the same extent as had been provided by the commercial policy. The Board further stipulated that to the extent the commercial policy provides coverage, it had waived its governmental immunity pursuant to G.S. § 115C-42. Pursuant to these stipulations, the Nationwide policy is the only insurance policy relevant to the determination of whether the Board had waived its governmental immunity for the type of negligence alleged by plaintiff. That policy includes the following pertinent exclusion:

4. Transportation of Pupils: With respect to the transportation of students or pupils, exclusions (b) and (e) of the policy are replaced by the following:

> The insurance does not apply to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any aircraft, automobile or watercraft owned, operated or hired by or for the insured or any officer, employee or member of the teaching, supervisory or administrative staff thereof. For the purpose of this exclusion the word "hired" shall be deemed to include any contract to furnish transportation of pupils to and from schools.

Plaintifff asserts that this exclusionary language does not apply to his negligence claims against these two defendants because he was not hit by a school bus. He contends that his injuries occurred as a result of negligent design of the bus route and stop location, which required him to cross a busy four-lane road in the dark, and his assignment to that route and bus stop. Plaintiff urges us to reject defendants' argument that his injuries "[arose] . . . out of the ownership, maintenance, operation, use, loading or unloading of any . . . automobile . . ." owned or hired by the Board to transport pupils. We find plaintiff's arguments unpersuasive on these facts.

In *Overcash, supra,* this Court followed and applied the rule of strict construction of waiver of governmental immunity in cases involving waiver by purchase of liability insurance. Strictly construing the exclusionary clause in this case, it is inconceivable to us that defendant Board intended to exclude liability for injuries suffered by pupils while being transported by a school bus or in the process of boarding or disembarking from a school bus, but intended to waive immunity for injuries associated with the design of a bus route or the location of a bus stop.

For the reasons stated, we hold that defendant Board has not waived its immunity from liability for the claim for relief asserted by plaintiff in this case, and that summary judgment was therefore properly granted.

Affirmed.

Judges EAGLES and GREENE concur.