CHRISTOPHER THOMAS VESTER, by his Guardian ad Litem, SAM Q. CARLISLE, II and THOMAS H. VESTER, Plaintiffs-Appellants v. NASH/ROCKY MOUNT BOARD OF EDUCATION, Defendant-Appellee

No. COA95-1355

(Filed 5 November 1996)

**Schools § 172 (NCI4th)— assault on a school bus—personal injury action against school board—sovereign immunity**

   The trial court did not err by dismissing an action against a school board arising from an assault on a student on a school bus for lack of jurisdiction on the basis that defendant was immune

VESTER v. NASH/ROCKY MOUNT BD. OF EDUC.

[124 N.C. App. 400 (1996)]

where plaintiffs had argued that defendant waived its sovereign immunity by purchasing insurance, but there was an exclusion in defendant's insurance policy from actions from the ownership, maintenance, operation, use, loading or unloading of an automobile. The alleged acts here are related to the ownership, maintenance, operation, use, loading and unloading of a school bus and a strict construction of the government's waiver of immunity in actions involving the purchase of liability insurance leads to the conclusion that plaintiff's claims are excluded. The defense of sovereign immunity is applicable.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 42 et seq., 59 et seq.**

**Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

**Tort liability of public schools and institutions of higher learning for accident occurring during school athletic events. 35 ALR3d 725.**

Appeal by plaintiff from judgment entered 18 September 1995 by Judge G. K. Butterfield in Nash County Superior Court. Heard in the Court of Appeals 11 September 1996.

*Anderson & Anderson, by Michael J. Anderson, for plaintiffs-appellants.*

*Valentine, Adams, Lamar, Etheridge, Sykes & Britt, L.L.P., by L. Wardlaw Lamar, for defendant-appellee.*

JOHNSON, Judge.

On 26 May 1993, plaintiff Christopher Thomas Vester, a fourteen-year-old student of Southern Nash Junior High School in Spring Hope, North Carolina, rode on a school bus driven by Warnita Alston. Chris and several of the other students on the bus started passing one of the student's hat back and forth. As Chris passed the hat, the hat flew out of the bus window. Shortly thereafter, it is alleged that Braxton Gilliam grabbed Chris, and Martez Scott struck Chris in the stomach. Defendant Board of Education alleges that the horseplay on the moving school bus was in violation of school bus safety rules and school policy.

VESTER v. NASH/ROCKY MOUNT BD. OF EDUC.

[124 N.C. App. 400 (1996)]

Plaintiffs allege that prior to 26 May 1993, Ms. Alston had "a lot of trouble" with Martez Scott. Plaintiffs also allege that Ms. Alston reported Martez to the principal many times for a variety of discipline problems, including hitting other students. Martez was suspended from riding the bus a few times, but more often than not, no disciplinary action was taken. Other students were afraid and uneasy when they were around Martez. Defendant answered plaintiffs' complaint admitting that on two prior occasions, Ms. Alston had reported Martez for inappropriate action on the school bus—throwing objects (broken pencils and thumbtacks), and striking other students with the objects and causing a potential hazard. For each such incident, W. Thomas Finch, assistant principal of Southern Nash Senior High School, suspended Martez from riding on the bus for five days.

Defendant alleges that while Martez had some discipline problems, the bus driver did not have "a lot of trouble" with him and did not report him to the principal "many times" as alleged by plaintiffs. There were no disciplinary actions or reports of violence concerning Martez. Defendant also denied having any knowledge that other students were afraid of Martez. Moreover, defendant adds that for the thirty-one (31) year period prior to the injury to Chris Vester, there were no serious injuries resulting from an assault on a school bus operated by defendant.

As a result of the assault, Chris Vester suffered a ruptured spleen which resulted in a splenectomy. He also incurred medical and other expenses. Additionally, Thomas H. Vester, Chris' father, incurred medical expenses as a result of the injuries sustained by his son.

Plaintiffs filed an action for personal injuries and resulting damages suffered by Chris Vester and for damages suffered by his father, Thomas H. Vester. Defendant filed a motion to dismiss, an answer, a motion for summary judgment and affidavits. At the hearing on the motions, the parties agreed that the hearing was limited to defendant's motion to dismiss for lack of jurisdiction over the person and subject matter, for failure to state a claim, for failure to join a necessary party and for summary judgment based on sovereign immunity. Subsequently, the trial court dismissed plaintiffs' action on the basis that defendant was immune from prosecution and that no jurisdiction over the person existed. Plaintiffs appeal.

Plaintiffs argue that the trial court erred by dismissing their action because defendant waived its sovereign immunity by purchasing insurance. We disagree.

Plaintiffs first contend that defendant waived its sovereign immunity by its purchase of liability insurance. Thus, we must determine whether plaintiffs have a viable claim in light of the exclusion in defendant's insurance policy for actions arising from the ownership, maintenance, operation, use, loading or unloading of an automobile.

The Nash/Rocky Mount Board of Education purchased liability insurance from the North Carolina School Boards Insurance Trust, Agreement #92/93-EOGL-640. This policy provides general liability insurance for "the Ultimate Net Loss resulting from any Claim or Claims . . . for any Personal Injuries . . . [or] for any Wrongful Act . . . of the Member or any other person for whose actions the Member is legally responsible . . . [.]" An exclusion set out in the policy provides that *"Coverage Agreement does not apply: . . . 25. To any Claim arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile."* (emphasis added). "Automobile," as defined in the policy, "means a land motor vehicle, trailer or semitrailer designed for travel on public roads but does not include mobile equipment." For purposes of the policy, the school bus is an automobile.

The injuries allegedly sustained in this action were sustained by a student engaged in behavior "while being transported by a school bus." Thus, the alleged negligent act, the assault, occurred while the student was being transported by the school bus. Therefore, the issue is whether the assault arose out of the ownership, maintenance, operation, use, loading or unloading of the bus.

Plaintiffs argue that the exclusion is inapplicable for the following reasons:

1.  Punching someone in the stomach has nothing to do with the inherent nature of the automobile.

2.  Although this happened on the bus, arising out of does not mean while using.

3.  The vehicle did not produce the injury.

However, this Court in *Beatty v. Charlotte-Mecklenburg Bd. of Education,* 99 N.C. App. 753, 394 S.E.2d 242 (1992), held that the school board had not waived its immunity from liability in an action where the plaintiff contended that the school board was negligent in its design and location of a school bus stop. Our Court in *Beatty,* also held that the school board's negligence was the proximate cause of

**VESTER v. NASH/ROCKY MOUNT BD. OF EDUC.**

[124 N.C. App. 400 (1996)]

injuries suffered by an eleven-year-old student struck by a truck while trying to reach his bus stop. *Id.* Further, this Court stated that, "it is inconceivable to us that defendant Board intended to exclude liability for injuries suffered by pupils while being transported by a school bus . . . , but intended to waive immunity for injuries associated with the design of a bus route or the location of a bus stop." *Beatty,* 99 N.C. App. at 756, 394 S.E.2d at 244-45.

The allegations made by plaintiffs in the complaint alleged that defendant was negligent in that it:

(a) Failed to insure the safety of its student school bus passengers by removing violent students from its premises.

(b) Knew or in the exercise of reasonable care should have known that a danger existed to student passengers on a bus when Martez T. Scott and Braxton Gilliam were on board.

(c) Failed to provide a safe environment for students aboard school transportation services.

(d) Failed to provide a monitor on Nash County School Bus #260.

(e) The defendant, Nash/Rocky Mount Board of Education failed to employ a transportation safety assistant to preserve order on the minor plaintiff's bus when it knew or in the exercise of reasonable care should have known that the minor plaintiff's safety was at risk. N.C.G.S. 115C-1, et. seq.

(f) Failed to formulate, publish and enforce policies and practices to control the behavior of the students while on buses.

(g) Failed to formulate, publish and enforce policies and practices to provide for the orderly, safe and efficient transportation of pupils in consideration of the students health, safety and general welfare.

Plaintiffs argue that as these acts did not occur on the school bus on 26 May 1993, they do not fall within the policy exclusion. However, a review of the allegations reveals that the alleged negligent acts are related to the ownership, maintenance, operation, use, loading and unloading of the school bus.

The cases cited as authority by plaintiffs are not controlling in the case *sub judice* because those cases involve automobile liability insurance coverage. Whereas, this action concerns a public school board which is protected by sovereign immunity. Further, *Newgent v.*

*Buncombe County Bd. of Education,* 340 N.C. 100, 455 S.E.2d 157 (1995), relied upon by plaintiffs is distinguishable from the instant case. In *Newgent,* a school bus driver failed to recognize the danger of a school bus stop while driving the bus. *Id.* The case is distinguishable in that it was an Industrial Commission action regarding a jurisdictional question as to whether the bus driver was operating the bus in the course of her employment. *Newgent* was not an action involving sovereign immunity.

Accordingly, a strict construction of the government's waiver of immunity in actions involving the purchase of liability insurance leads to the conclusion that plaintiffs' claims are excluded. *See Overcash v. Statesville City Bd. of Educ.,* 83 N.C. App. 21, 348 S.E.2d 524 (1986). Therefore, the defense of sovereign immunity is applicable, and the trial court properly dismissed plaintiffs' claims.

Defendant also argues several defenses should this Court determine that plaintiffs' claims are not excluded by the sovereign immunity doctrine; however, we need not address defendant's additional arguments based on our disposition of the action.

Affirmed.

Judges LEWIS and WYNN concur.