529 S.E.2d 458 (2000)
Loryn HERRING, a Minor by Raymond M. MARSHALL, Her Guardian Ad Litem and Bessie Herring, Plaintiffs,
v.
WINSTON-SALEM/FORSYTH COUNTY BOARD OF EDUCATION and Ronald Liner, Defendants.
No. COA99-777.
Court of Appeals of North Carolina.
May 2, 2000.
*460 Kennedy, Kennedy, Kennedy and Kennedy, L.L.P., by Harold L. Kennedy, III and Harvey L. Kennedy, Winston-Salem, for the plaintiffs.
Young, Moore and Henderson, P.A., by Brian O. Beverly, Raleigh, for the defendants.
WYNN, Judge.
Sovereign immunity is a common law theory or defense established by the courts to protect a sovereign or state and its agents from suit.[1] The defendants in this case contend that the trial court erred in denying their summary judgment motion based on the doctrine of sovereign immunity. Because we hold that (1) the doctrine of sovereign immunity applies in this case and (2) the defendants did not waive their immunity through the purchase of liability insurance under N.C. Gen.Stat. § 115C-42, we reverse the trial court's judgment denying the defendants' summary judgment motion.
In January 1995, Ronald Liner, the assistant principal of Lewisville Elementary School in Winston-Salem, North Carolina, changed nine-year-old Loryn Herring's bus stop in response to a complaint that she had been assaulted by several boys while on a school bus. Approximately five months later, a vehicle struck Loryn as she crossed East Fifth Street in route to that bus stop. Loryn suffered serious, painful and permanent bodily injuries, including permanent and severe brain damage.
Through her guardian ad litem, Loryn, along with her mother on her own behalf, brought actions against the Winston-Salem/Forsyth County Board of Education and Ronald Liner. Their complaint alleged that the defendants were negligent, breached fiduciary duties and committed constructive fraud by changing the location of Loryn's bus stop.
The defendants responded by asserting sovereign immunity and moving to dismiss the action under N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) stating that:
... all conduct by these defendants, or any other employees or agents of the Winston-Salem/Forsyth County Board of Education, which relates in any way to the allegations of injury or damage in the Amended Complaint, was performed by such persons in their official capacity as employees and/or agents of the Winston-Salem/Forsyth County Board of Education and pursuant to its governmental authority.... and ... [the] defendants are immune from any liability or damages resulting from their conduct in pursuit of governmental functions.
The defendants' motion to dismiss was converted into a motion for summary judgment *461 by the subsequent filing of an affidavit and supporting documents.
Additionally, the plaintiffs motioned the trial court to compel arbitration on the grounds that:
1. Insurance policies purchased for Defendant, Winston-Salem/Forsyth County Board of Education, which cover the allegations in Plaintiff's Amended Complaint allow Defendants to have the controversy submitted to arbitration.
2. As a third party beneficiary of those contracts, Plaintiffs are entitled to have this case submitted to arbitration.
Following a hearing, the trial court denied: (1) the defendants' motion for summary judgment based on the doctrine of sovereign immunity and (2) the plaintiffs' motion to compel arbitration. From this order, both the plaintiffs and defendants appeal; but, because we find that sovereign immunity bars the plaintiffs' claims, we do not reach the issue of whether this matter should have been submitted to arbitration.

I. EXCEPTIONS TO THE DOCTRINE OF SOVEREIGN IMMUNITY
The defendants contend that because sovereign immunity applies in this case, the trial court erred in denying their summary judgment motion. The plaintiffs, on the other hand, contend that the doctrine of sovereign immunity does not apply because the facts show three exceptions or exclusions to applying the doctrine of sovereign immunity: (1) the duty breached in this case was a ministerial or proprietary function; (2) the plaintiffs' claim for negligent supervision; and (3) the plaintiffs' claim for constructive fraud. We address each of the plaintiffs' contentions separately.
First, the plaintiffs argue that a school official's duty of disciplining students is a ministerial or proprietary duty. They contend that Ronald Liner's failure to impose the appropriate discipline upon the boys who allegedly attacked the minor plaintiff constituted a failure of this ministerial duty, thereby precluding the sovereign immunity defense.
"As a general rule, the doctrine of governmental, or sovereign immunity bars actions against, inter alia, the state, its counties, and its public officials sued in their official capacity." Messick v. Catawba County, 110 N.C.App. 707, 714, 431 S.E.2d 489, 493 (1993). The doctrine applies when the entity is being sued for the performance of a governmental function. See id. But it does not apply when the entity is performing a ministerial or proprietary function. See id.; see also Broome v. City of Charlotte, 208 N.C. 729,182 S.E. 325 (1935).
Governmental functions are those which are "`discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State.'" Hickman v. Fuqua, 108 N.C.App. 80, 83, 422 S.E.2d 449, 451 (1992) (quoting Britt v. City of Wilmington, 236 N.C. 446, 450, 73 S.E.2d 289, 293 (1952)). "By contrast, the proprietary activities undertaken by a municipality are those which are `commercial or chiefly for the private advantage of the compact community.'" Id. (quoting Britt, 236 N.C. at 450, 73 S.E.2d at 293). The test for distinguishing between governmental and proprietary functions is as follows:
If the undertaking of the municipality is one in which only a governmental agency could engage, it is governmental in nature. It is proprietary and `private' when any corporation, individual, or group of individuals could do the same thing....
Britt, 236 N.C. at 451, 73 S.E.2d at 293.
The context of the imposition of discipline by the school official in this case was within the school's performance of its statutory duty of transporting students to school. This statutory duty, as our courts have previously determined, is an accepted governmental function. See Benton v. Board of Education, 201 N.C. 653, 657, 161 S.E. 96, 97 (1931) (holding that in performing the statutory duty of transporting students to school, the county school board is exercising a governmental function); see also Rowan County Board of Education v. United States Gypsum Co., 332 N.C. 1, 11, 418 S.E.2d 648, 655 (1992) (stating that "[e]ducation is a governmental function so fundamental in this state that our constitution contains a separate article *462 entitled `Education.'"). Therefore, the instant case does not fall within the ministerial duty exception to the doctrine of sovereign immunity.
Next, the plaintiffs argue that because the amended complaint contained a claim for negligent supervision, the defendants were precluded from using the sovereign immunity defense. We disagree.
In Vester v. Nash/Rocky Mount Board of Education, 124 N.C.App. 400, 477 S.E.2d 246 (1996), the plaintiff-student brought a personal injury action against the board of education after he was struck by a fellow student while on the school bus. Id. Before that incident, the student who struck the plaintiff-student had other disciplinary problems and in many of those instances, no disciplinary action was taken against the student. Id. Under those facts, our Court held that the board of education did not waive sovereign immunity by purchasing liability insurance. Id. Thus, the facts in Vester did not present an exception to the doctrine of sovereign immunity.
Nonetheless, the plaintiffs in this case asserted during oral argument that Vester does not control under these facts because this case involves a matter of first impression since the issue presently before this Court whether a claim for negligent supervision constitutes an exception to the sovereign immunity defensewas not raised in Vester.
Even if the present issue was not raised in Vester, we cannot agree with the plaintiffs' assertions that the doctrine of sovereign immunity would not apply to a claim for negligent supervision. See Collins v. North Carolina Parole Commission, 344 N.C. 179, 473 S.E.2d 1 (1996) (holding that the waiver of sovereign immunity under the Tort Claims Act was not limited to ordinary negligence, but applied for other degrees of negligence, including willful, wanton, and reckless conduct that does not rise to the level of intent). Rather, we find negligent supervision to be a viable tort claim subject to the doctrine of sovereign immunity.
Finally, the plaintiffs argue that because the amended complaint contained a claim for constructive fraud the defendants were precluded from using the sovereign immunity defense. Again, we disagree finding constructive fraud to be a viable tort claim subject to the doctrine of sovereign immunity.
Accordingly, we conclude that the instant case does not constitute an exception to the doctrine of sovereign immunity.

II. WAIVER OF SOVEREIGN IMMUNITY
Next, the plaintiffs argue that the trial court properly denied the defendants' motion for summary judgment because the Winston-Salem/Forsyth County Board of Education waived its sovereign immunity by purchasing liability insurance policies. The defendants, on the other hand, contend that those insurance policies precluded coverage for the minor plaintiff's injuries.
As a governmental agency, a county or city board of education is not liable in a tort or negligence action except to the extent that it has waived its governmental or sovereign immunity pursuant to statutory authority. See Overcash v. Statesville City Board of Education, 83 N.C.App. 21, 348 S.E.2d 524 (1986); see also Beatty v. Charlotte-Mecklenburg Board of Education, 99 N.C.App. 753, 394 S.E.2d 242 (1990). However, the "`[w]aiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the right to sovereign immunity, must be strictly construed.'" Overcash, 83 N.C.App. at 25, 348 S.E.2d at 527 (quoting Guthrie v. State Ports Authority, 307 N.C. 522, 537-38, 299 S.E.2d 618, 627 (1983)).
In North Carolina, a local board of education can waive immunity through the purchase of liability insurance under N.C. Gen. Stat. § 115C-42 which provides that:
Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting *463 within the scope of his authority or within the course of his employment....
N.C.G.S. § 115C-42 (1999).
Therefore, immunity is deemed to have been waived by the act of obtaining insurance; however, the waiver is "only to the extent that [the] board of education is indemnified by insurance for such negligence or tort...." Id.; see also Beatty, 99 N.C.App. at 755, 394 S.E.2d at 244 (stating that N.C.G.S. § 115C-42 "makes clear that unless the negligence or tort is covered by the insurance policy, sovereign immunity has not been waived by the Board or its agents").
In determining whether the provisions of a liability insurance policy provide coverage for a tort action, our courts apply the "comparison test," thereby requiring the policy provisions to be analyzed and compared with the allegations in the pleadings. See Waste Management of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 693, 340 S.E.2d 374, 378 (1986) (stating that under the comparison test, "the pleadings are read side-by-side with the policy to determine whether the events as alleged are covered or excluded"). "Any doubt as to coverage is to be resolved in favor of the insured." Id.
In this case, the plaintiffs alleged in their amended complaint that:
X.
That the Defendants were negligent in that:
1. They changed Defendant, Loryn Herring's bus stop, requiring her to cross East Fifth Street each school day when they knew that hundreds of vehicles would be traveling into downtown Winston-Salem in the morning on East Fifth Street.
2. They knew that changing Plaintiff's bus stop and requiring Plaintiff to cross East Fifth Street to get to a new bus stop would be unsafe.
3. They knew that they were creating a dangerous situation by requiring Plaintiff to cross a very busy street with hundreds of vehicles traveling into downtown Winton-Salem each school day, knowing that many of the vehicles would be traveling at high rates of speed.
4. They put the victim, Plaintiff, Loryn Herring in harm's way instead of taking appropriate security measures and disciplinary actions to protect said Plaintiff from the three male student that they knew were dangerous and violent.
XI.
That said accident was caused solely and proximately by reason of the negligence of the Defendants without any negligence on the part of Plaintiff, Loryn Herring contributing thereto.
XII.
That by reason of the negligence of the Defendants, as aforesaid, the Plaintiff Loryn Herring received serious, painful and permanent bodily injuries. That as a result of said injuries, the minor Plaintiff has suffered permanent brain damage, loss of enjoyment of life, past and future pain and suffering, future loss of earning capacity, and future medical expenses, all to her damage in a sum in excess of Ten Thousand ($10,000.00) Dollars.
....
XVI.
That subsequent to the establishment of a relationship of confidence and trust between Defendants and Plaintiff, Loryn Herring, Defendants breached the relationship of trust and confidence to the Plaintiff, Loryn Herring by changing her bus stop such that she would have to cross East Fifth Street each school day to get her bus stop when the Defendants knew that this was unsafe and dangerous.
XVII.
That such conduct was a breach of fiduciary duty on the part of Defendants. That the conduct of Defendants in breaching their fiduciary duty constituted constructive fraud, resulting in detriment, harm and injury to the minor Plaintiff.
XVIII.
That by reason of Defendants' breach of fiduciary duty and constructive fraud, the Plaintiff, Loryn Herring, has suffered actual damages, including serious, painful and permanent bodily injuries. That as a result of said injuries, the minor Plaintiff has suffered permanent brain damage, loss *464 of enjoyment of life, past and future pain and suffering, future loss of earning capacity and future medical expenses, all to her damage in a sum in excess of Ten Thousand ($10,000.00) Dollars.
In essence, the plaintiffs sought recovery for the minor plaintiff's bodily injuries allegedly resulting from a negligent change of her bus stop location.
To determine whether the defendants waived their sovereign immunity as to the minor plaintiff's injuries, we must compare the aforementioned allegations with the provisions of the Winston-Salem/Forsyth County Board of Education's liability insurance policies existing at the time of the minor plaintiff's accident. At that time, the Winston-Salem/Forsyth County Board of Education had three insurance polices in place.
The first policy was a commercial account policy with American Employer's Insurance Company containing the following exclusionary clause:
The insurance does not apply to:
g. `Bodily injury' or `property damage' arising out of the ownership, maintenance, operation, use, `loading or unloading' or entrustment to others of any aircraft, `auto' or watercraft that is owned, operated or hired by any insured. For the purpose of this exclusion, the word hired includes any contract to furnish transportation of your students to and from schools.
Our Court considered this issue in Beatty, 99 N.C.App. at 753, 394 S.E.2d at 242. In that case, a student who was injured when he was struck by a truck while attempting to reach his assigned school bus stop appealed the trial court's grant of summary judgment on the basis of sovereign immunity in favor of the board of education and the principal of his elementary school. Id. The school board's liability insurance policy in Beatty contained an exclusionary clause almost identical to the one present in the instant case. Id. Based on this exclusionary clause, we affirmed the trial court's holding concluding that the school board's purchase of a liability policy did not waive the defendants' sovereign immunity. Id.; see also Vester, 124 N.C.App. at 400, 477 S.E.2d at 246.
Following Beatty, we must conclude that the Winston-Salem/Forsyth County Board of Education's commercial account policy with American Employer's Insurance Company did not provide coverage for the minor plaintiff's injuries.[2] Therefore, the school board's purchase of the commercial insurance policy did not constitute a waiver of the defendants' sovereign immunity.
The second policy that the Winston-Salem/Forsyth County Board of Education had at the time of the minor plaintiff's accident was a commercial umbrella policy with Commercial Union Midwest Insurance Company. That policy contained an endorsement entitled "Autos-Limitation of Coverage" similar to the exclusionary clause in the school board's commercial account policy and the one present in Beatty. Specifically, the endorsement provided that:
Except insofar as coverage is available to the `insured' for the full limits of insurance as shown for policies of `underlying insurance' in the Declarations, this insurance does not apply to `bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any `auto'. Use includes operation and `loading or unloading'.
Moreover, the commercial umbrella policy contained two additional endorsements relevant to the determination of whether the umbrella policy covered the minor plaintiff's injuries. One endorsement provided that:
THIS INSURANCE DOES NOT APPLY TO `BODILY INJURY,' `PROPERTY DAMAGE,' `PERSONAL INJURY' OR

*465 `ADVERTISING INJURY' ARISING OUT OF THE OPERATIONS OF:
YELLOW SCHOOL BUS
The other endorsement provided that:
This insurance does not apply to any claim for any actual or alleged errors, misstatements or misleading statements, acts or omissions or neglect or breach of duty by the `insured', or any other person for whose acts the `insured' is legally responsible, arising out of the discharge of the duties as a school board or board of education, school district, or as elected or appointed members, directors or trustees thereof.
Strictly construing the aforementioned endorsements, we must conclude that the Winston-Salem/Forsyth County Board of Education's commercial umbrella policy with Commercial Union Midwest Insurance Company did not provide coverage for the minor plaintiff's injuries. Therefore, the school board's purchase of the commercial umbrella policy did not constitute a waiver of the defendants' sovereign immunity.
The third policy that the Winston-Salem/Forsyth County Board of Education had at the time of the minor plaintiff's accident was a business auto policy with Harleysville Mutual Insurance Company. But this policy did not provide coverage for the minor plaintiff's injuries since she was neither struck by a vehicle operated by an employee or agent of the Winston-Salem/Forsyth County School Board, nor covered by the business auto policy. Consequently, the school board's purchase of the auto policy did not constitute a waiver of the defendants' sovereign immunity.
In summation, we hold that the defendants did not waive their immunity from liability for the claims asserted by the plaintiffs in this case. Since we hold that the doctrine of sovereign immunity bars the claims presented by the plaintiffs in this case, we conclude that the trial court erred in denying the defendants' summary judgment motion based on the sovereign immunity defense. Accordingly, we remand this matter to the trial court for entry of summary judgment for the defendants.
Reversed and remanded.
Judges HORTON and SMITH concur.
NOTES
[1] Our Supreme Court abolished sovereign immunity in contract actions in 1976. See Smith v. State, 289 N.C. 303, 222 S.E.2d 412 (1976) (Lake, J. dissentingobserving that since the Supreme Court had undertaken to abolish sovereign immunity in contract actions, it was error to limit it to contract actions only); see also Jones v. Kearns, 120 N.C.App. 301, 462 S.E.2d 245 (1995) (Wynn, J. concurring in the result only) review denied, 342 N.C. 414, 465 S.E.2d 541 (1995).
[2] The commercial account policy also contained the following clause supporting the policy's exclusion of injuries such as those suffered by the minor plaintiff:

Schedule
Description of Professional Services: All Professional Services Rendered By the Schools
....
With respect to any professional services shown in the Schedule, this insurance does not apply to `bodily injury', `property damage', `personal injury' or `advertising injury' due to the rendering or failure to render any professional service.