ANNE H. CRAIG v. THE ASHEVILLE CITY BOARD OF EDUCATION

No. COA00-175

(Filed 20 March 2001)

**1. Schools and Education— probationary teacher—contract not renewed—appeal**

A claim against a board of education for lost wages, humiliation, and emotional distress by a probationary teacher whose contract was not renewed was properly before the superior court even though a statute set forth an appeal process because the alleged injury occurred in 1996 and the amendment creating the appeal process was in 1997. N.C.G.S. § 115C-325(n).

**2. Appeal and Error— appealability—denial of summary judgment—governmental immunity**

The denial of summary judgment was immediately appealable where defendant claimed governmental immunity as an affirmative defense.

**3. Immunity— governmental—probationary teacher—contract not renewed—emotional distress—action not in tort**

Governmental immunity did not bar a probationary teacher's claims for lost wages, humiliation, and emotional distress arising from her contract not being renewed because the action was based upon an allegation of a statutory violation rather than a suit in tort. N.C.G.S. § 115C-325(m)(2).

Appeal by defendant from order denying summary judgment entered 6 December 1999 by Judge Loto G. Caviness in Buncombe County Superior Court. Heard in the Court of Appeals 11 January 2001.

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, by S. Luke Largess for plaintiff-appellee.*

*Roberts & Stevens, by Elizabeth N. Rich for defendant-appellant.*

THOMAS, Judge.

The Asheville City Board of Education, defendant, appeals from a denial of its summary judgment motion. For the reasons discussed herein, we affirm the trial court.

The facts are as follows: Plaintiff Anne Craig began working as a probationary third-grade teacher at Isaac Dickson Elementary School in 1993. A probationary teacher is one who has not achieved career-teacher status, but is certificated. *See* N.C. Gen. Stat. § 155C-325(a)(5) (1999). At the end of plaintiff's third year, Dickson principal Robert McGrattan and assistant principal Elaine Poovey recommended the non-renewal of plaintiff's contract to Superintendent Karen Campbell. Campbell concurred with them in her recommendation to defendant, which declined to renew plaintiff's contract. Defendant then denied plaintiff's request for a hearing before the full board.

Plaintiff brought suit against defendant, seeking damages for lost wages, humiliation, emotional distress and other compensable injuries. She alleged the board's decision not to renew her contract

was arbitrary and capricious and unlawfully based on personal reasons, all in violation of N.C. Gen. Stat. § 115C-325(m)(2). Defendant moved for summary judgment, which the trial court denied.

[1] Although neither party briefs the question, an issue exists concerning plaintiff's appeal from the board's decision. The legislature amended Chapter 115C in 1997 and set forth a specific appeal process for claimants in plaintiff's circumstances. *See* N.C. Gen. Stat. § 115C-325(n) (1999). However, in the instant case, plaintiff's alleged injury occurred in 1996 when there was no special statutory appeal procedure for probationary teachers.

Claims alleging a violation of section 115C-325(m)(2) give rise to a right of action that should be resolved by the court and not the school board. *See Sigmon v. Poe*, 528 F.2d 311 (4th Cir. 1975). Thus, because the amendment to section 115C-325(n) was not yet codified, plaintiff's claim was properly before the superior court even though the complaint was filed approximately two years after the non-renewal decision by defendant. This brings us to the present argument.

[2] Defendant contends the trial court erred in denying its motion for summary judgment because it is entitled to governmental immunity. Governmental immunity is an affirmative defense that serves to bar the plaintiff's tort claims against a sovereign. *Johnson v. York*, 134 N.C. App. 332, 335, 517 S.E.2d 670, 672 (1999). Plaintiff, however, contends this issue is interlocutory and not immediately appealable because plaintiff is not asserting a tort claim.

A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary to a final decree. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). In general, interlocutory orders are not immediately appealable to an appellate court. *State ex rel. Employment Security Commission v. IATSE Local 574*, 114 N.C. App. 662, 663, 442 S.E.2d 339, 340 (1994). However, an interlocutory order may be heard in appellate courts if it affects a substantial right. *See* N.C. Gen. Stat. § 1-277(a) (1999). This Court has held that denial of a motion for summary judgment grounded on governmental immunity affects a substantial right and is immediately appealable. *Schmidt v. Breeden*, 134 N.C. App. 248, 517 S.E.2d 171 (1999).

We thus find defendant's claim is immediately appealable to this Court because it has claimed governmental immunity as an affirma-

CRAIG v. ASHEVILLE CITY BD. OF EDUC.

[142 N.C. App. 518 (2001)]

tive defense. *See Moore v. Evans*, 124 N.C. App. 35, 476 S.E.2d 415 (1996).

**[3]** As to defendant's assignment of error, however, we disagree. Defendant sought to dismiss all of plaintiff's claims via governmental immunity. Yet governmental immunity is only effective as an affirmative defense against tort claims. *See Hallman v. Charlotte-Mecklenburg Board of Education*, 124 N.C. App. 435, 477 S.E.2d 179 (1996); *Orange County v. Heath*, 282 N.C. 292, 294, 192 S.E.2d 308, 309 (1972); *see also* N.C. Gen. Stat. § 115C-42 (1999). Plaintiff's claim for damages involved only a statutory violation. No tort was alleged in her complaint.

Defendant argues that plaintiff's claim for a statutory violation should be treated as a tort claim because traditional tort remedies such as damages for emotional distress and future lost wages are requested. We note section 115C-325(m)(2) does not set out exclusive remedies. Accordingly, any remedy available to plaintiff would be based on common law. *See Buchanan v. Hight*, 133 N.C. App. 299, 305, 515 S.E.2d 225, 230 (1999). The question of available remedies is not now before the Court and, therefore, we do not pass judgment on what specific remedies would be available. We further note that because defendant cites no authority to support its argument, it is deemed waived. *See* N.C.R. App. P. 28(b)(5) (1999).

Governmental immunity does not bar plaintiff's claims since this is not a suit in tort but an allegation of a statutory violation. We affirm the trial court's denial of defendant's motion for summary judgment.

AFFIRMED.

Judges MARTIN and TIMMONS-GOODSON concur.