SHARON LUCAS, Plaintiff v. SWAIN COUNTY BOARD OF EDUCATION, and FARLEY CONSTRUCTION CO., INC. Defendants

No. COA02-253

(Filed 3 December 2002)

**1. Immunity— governmental—waiver—School Boards Trust**

Defendant board of education's motion for summary judgment should have been granted based on governmental immunity in an action that arose from plaintiff's fall down concrete steps at a high school football stadium. There was no issue of material fact as to defendant's waiver of immunity up to $100,000 despite

defendant's participation in the North Carolina School Boards Trust; the Department of Insurance's failure to take action against the Trust for the unauthorized provision of insurance does not make the Trust a qualified insurer under N.C.G.S. § 115C-42.

**2. Immunity— governmental—waiver—School Boards Trust— excess insurance purchased**

A school board waived its immunity for claims between $100,000 and $1,000,000 where the school participated in the North Carolina School Boards Trust and the Trust purchased excess coverage for claims in this range from a commercial insurance company. N.C.G.S. § 115C-42 does not exempt from waiver a school board which contracts with an intermediary to procure insurance through the commercial market.

Appeal by defendant Swain County Board of Education from order entered 15 November 2001 by Judge J. Marlene Hyatt in Swain County Superior Court. Heard in the Court of Appeals 15 October 2002.

*Bridgers & Ridenour, PLLC, by Ben Oshel Bridgers and Eric Ridenour, for plaintiff-appellee.*

*Roberts & Stevens, P.A., by Sarah Patterson Brison Meldrum, for defendant-appellant Swain County Board of Education.*

*Yates, McLamb & Weyher, L.L.P., by Barbara B. Weyher; and Allison Schafer, for the North Carolina School Boards Association, amicus curiae.*

*Ferguson Stein Chambers Wallas Adkins Gresham & Sumter, P.A., by S. Luke Largess, for the North Carolina Academy of Trial Lawyers, amicus curiae.*

MARTIN, Judge.

Swain County Board of Education ("defendant") appeals an order granting partial summary judgment in favor of Sharon Lucas ("plaintiff") on the issue of defendant's governmental immunity. For reasons stated herein, we affirm in part, reverse in part, and remand.

The facts pertinent to this appeal are as follows: plaintiff was injured on 18 September 1999 when she allegedly fell down concrete steps at the Swain County High School Football Stadium, located on land owned by defendant. On 12 June 2000, plaintiff filed a complaint

LUCAS v. SWAIN CTY. BD. OF EDUC.

[154 N.C. App. 357 (2002)]

against defendant and the construction company which had constructed the steps, alleging their negligence caused her injuries. The construction company's motion to dismiss plaintiff's complaint was granted on 18 April 2001. On 20 September 2001, plaintiff moved for partial summary judgment against defendant, asserting defendant had waived its governmental immunity pursuant to G.S. § 115C-42 through the purchase of insurance from the North Carolina School Boards Trust ("the Trust"). The statute provides, in relevant part:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.
>
> *Any contract of insurance purchased pursuant to this section shall be issued by a company or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of Insurance* . . . .

N.C. Gen. Stat. § 115C-42 (2001) (emphasis added). The evidence showed that at the time of plaintiff's accident, defendant had entered into a General Liability Trust Fund Agreement ("Agreement") with the Trust wherein the Trust agreed to pay damages resulting from claims against defendant for bodily injury up to $100,000. The Agreement also provided for excess insurance coverage for claims between $100,000 and $1,000,000.

In support of her motion, plaintiff filed an affidavit in an unrelated case from Peter Kolbe of the Department of Insurance, which had been given prior to plaintiff's injury. In the affidavit, Mr. Kolbe stated that he considers the Trust to be engaged in the business of insurance. In addition, plaintiff offered the deposition testimony of Edwin Dunlap, Jr., Executive Director of the North Carolina School Boards Association, and Treasurer of the Trust. Dunlap's deposition established that under the agreement with the Trust, defendant's excess coverage for claims between $100,000 and $1,000,000 was provided by a commercial insurer, not the Trust itself.

LUCAS v. SWAIN CTY. BD. OF EDUC.

[154 N.C. App. 357 (2002)]

In response to plaintiff's motion, defendant filed the affidavit of William Hale, Deputy Insurance Commissioner, stating that Mr. Kolbe's opinion that the Trust is an insurer does not represent the official position of the Department of Insurance, and that the Trust is neither licensed and authorized to execute insurance contracts in this State, nor a qualified insurer as determined by the Department of Insurance. In addition, defendant moved to strike Mr. Kolbe's affidavit as not having been given for the case at issue.

On 21 September 2001, defendant moved for summary judgment on the ground that it is immune from suit under the doctrine of governmental immunity. Defendant offered two affidavits in support of its motion, one from Patsy Earley, defendant's finance officer, and the other from Edwin Dunlap. Both affidavits established the Trust is not authorized and licensed to execute insurance contracts in this State and that it is not considered a qualified insurer as determined by the Department of Insurance. In addition, the trust fund coverage agreement was in evidence and provided:

> [t]he NCSBT Coverage Agreement is not a contract of insurance by a company or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of Insurance. Therefore, the NCSBT Coverage Agreement expressly is not considered a waiver of governmental immunity as provided in G.S. 115C-42.

On 15 November 2001, the trial court entered an order denying defendant's motion and granting plaintiff's motion for partial summary judgment, holding that defendant had waived its governmental immunity to the full extent of the coverage, $1,000,000, provided by this Agreement. Defendant appeals.

[1] Although defendant's appeal is interlocutory in nature, it is well-established that the denial of a motion for summary judgment grounded on governmental immunity affects a substantial right and is immediately appealable; thus, defendant's appeal is properly before us. *See Craig v. Asheville City Bd. of Educ.*, 142 N.C. App. 518, 543 S.E.2d 186 (2001). By two of its three assignments of error, defendant argues the trial court erred in denying its motion for summary judgment and in granting plaintiff's motion for partial summary judgment where plaintiff's claims are barred by governmental immunity as a matter of law. The standard for ruling upon a motion for summary judgment is well-settled: summary judgment should only be granted

## LUCAS v. SWAIN CTY. BD. OF EDUC.

[154 N.C. App. 357 (2002)]

where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2002). We first address whether a genuine issue of fact exists as to whether defendant waived its immunity by entering into the Agreement for coverage provided directly by the Trust for claims of up to $100,000.

" 'As a general rule, the doctrine of governmental, or sovereign immunity bars actions against, *inter alia*, the state, its counties, and its public officials sued in their official capacity.' " *Herring ex rel. Marshall v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 683, 529 S.E.2d 458, 461 (citation omitted), *disc. review denied*, 352 N.C. 673, 545 S.E.2d 423 (2000). " 'A county or city board of education is a governmental agency, and therefore is not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority.' " *Seipp v. Wake County Bd. of Educ.*, 132 N.C. App. 119, 121, 510 S.E.2d 193, 194 (1999) (citation omitted). That statutory authority is established by G.S. § 115C-42, set forth above.

Under the plain language of G.S. § 115C-42, a school board such as defendant can only waive its governmental immunity where it procures insurance through (1) a company or corporation licensed and authorized to issue insurance in this State; or (2) a qualified insurer as determined by the Department of Insurance. This requirement was reiterated by this Court in *Hallman v. Charlotte-Mecklenburg Bd. of Educ.*, 124 N.C. App. 435, 477 S.E.2d 179 (1996). In that case, the plaintiff sued the defendant board of education for an injury she sustained while on the property of a county school. The evidence showed the board had liability coverage for claims of up to $1,000,000 through its participation in the City of Charlotte's Division of Insurance and Risk Management ("DIRM") program. *Id.* at 436, 477 S.E.2d at 180. The board moved for summary judgment, asserting it had not purchased insurance, and was therefore protected from liability by governmental immunity. *Id.* In support of its motion, the board filed an affidavit from DIRM's manager to the effect that DIRM was not licensed and authorized to execute insurance contracts in this State and was not regulated or supervised in any respect by the Department of Insurance. *Id.* at 438-39, 477 S.E.2d at 181. The plaintiff did not offer evidence in opposition to the board's motion.

We rejected the plaintiff's argument that the board's participation in DIRM constituted a waiver of immunity under G.S. § 115C-42. Noting that our courts have strictly construed G.S. § 115C-42 against waiver, we emphasized that the board's supporting affidavit established that DIRM did not meet either of the two criterion under G.S. § 115C-42, and that the plaintiff had failed to contradict this evidence. *Id.* Thus, we held summary judgment should have been granted for the board, as its "participation in the City of Charlotte's risk management agreement [was] not tantamount to the purchase of liability insurance as authorized by G.S. § 115C-42 and does not constitute a waiver of its governmental immunity pursuant to the statute for claims not covered by insurance." *Id.* at 439, 477 S.E.2d at 181.

Plaintiff argues *Hallman* is not controlling, and that we should follow this Court's opinion in *Vester v. Nash/Rocky Mount Bd. of Educ.*, 124 N.C. App. 400, 477 S.E.2d 246 (1996), filed the same date as *Hallman*. The plaintiff in *Vester* was injured while being transported on a county school bus. *Id.* at 401, 477 S.E.2d at 247. The trial court dismissed the plaintiff's claim against the defendant board on grounds that the board was immune from suit and jurisdiction was lacking. *Id.* at 402, 477 S.E.2d at 248. The plaintiff appealed, arguing the board had waived its governmental immunity through the purchase of insurance from the North Carolina School Boards Insurance Trust ("NCSBIT"). *Id.* The board's coverage agreement with NCSBIT provided an exemption for claims arising out of the operation of an automobile. *Id.* at 403, 477 S.E.2d at 248. The court stated that the issue on appeal was whether the plaintiff's injury arose out of the operation of the school bus, and the legal discussion in the opinion was centered on that issue only. *Id.* Having determined the plaintiff's injury fell within the coverage exemption, we concluded the trial court had properly dismissed the plaintiff's claim. *Id.* at 405, 477 S.E.2d at 249. The Court did not discuss plaintiff's contention that the defendant board had waived its immunity through its participation in NCSBIT.

Although *Hallman* and *Vester* were filed on the same date, *Hallman* dealt directly with the application of G.S. § 115C-42 to a claim that a school board had waived its governmental immunity, whereas *Vester* makes no mention of G.S. § 115C-42 or the requirements necessary for a board to waive its immunity. We believe *Hallman* is the most analogous case to the issues pertinent here, and we follow that decision. *Hallman* reaffirms the plain language of the relevant statute: the only way a plaintiff can establish that a board

has waived its immunity is by showing the contract of insurance was issued by (1) an entity licensed and authorized to execute insurance contracts in this State; or (2) a qualified insurer as determined by the Department of Insurance. Nothing in our *Vester* decision negates the plain requirement of G.S. § 115C-42 as applied in *Hallman*.

Applying that statutory requirement here, it is clear plaintiff did not forecast evidence to establish that the Trust meets either of these two criterion. Plaintiff made no showing in support of her motion for summary judgment that the Trust is a licensed and authorized insurer, nor does plaintiff attempt such an argument on appeal. Plaintiff's only argument as to why the Trust is a "qualified insurer as determined by the Department of Insurance" is that the Trust must be qualified in the Department's view, because the Department is aware of the Trust's activities and the Department has failed to take action against the Trust for providing insurance without authorization. However, it is an equally, if not more, plausible explanation that the Department has not chosen to take action against the Trust because it does not consider the Trust a provider of insurance. Moreover, defendant established through three affidavits from Hale, Earley and Dunlap that the Trust is neither a licensed and authorized insurer, nor a qualified insurer as determined by the Department. These affidavits were sufficient to rebut plaintiff's motion, to support defendant's motion, and to then shift the burden to plaintiff, to forecast evidence that the Trust fits one of the two statutory criterion. Plaintiff simply failed to do so. "Once the moving party has made and supported its motion for summary judgment, section (e) of Rule 56 provides that the burden is then shifted to the non-moving party to introduce evidence in opposition to the motion, setting forth 'specific facts showing that there is a genuine issue for trial.' At this time, the non-movant must come forward with a forecast of his own evidence." *Crowder Const. Co. v. Kiser*, 134 N.C. App. 190, 196, 517 S.E.2d 178, 183 (citation omitted), *disc. review denied*, 351 N.C. 101, 541 S.E.2d 142 (1999). Accordingly, as in *Hallman*, plaintiff failed to show the existence of a genuine issue of material fact as to whether defendant waived its immunity to the extent of the Trust's coverage of up to $100,000. The entry of summary judgment in favor of plaintiff on this issue was therefore error, and defendant's motion for summary judgment should have been granted as to this issue.

[2] However, we agree with the trial court that defendant was covered for claims between $100,000 and $1,000,000 by an insurer meeting at least one of the requirements of G.S. § 115C-42. The Dunlap

**LUCAS v. SWAIN CTY. BD. OF EDUC.**

[154 N.C. App. 357 (2002)]

deposition attached to plaintiff's motion established that defendant's excess coverage for claims beyond $100,000 was provided by a commercial insurance company. Defendant did not present evidence in response tending to show the excess coverage was not provided by an insurer meeting the statutory criteria, nor does defendant make this argument on appeal. Instead, defendant argues that despite the excess coverage being provided by a commercial insurer, defendant has not waived its immunity because it was the Trust, not defendant itself, that actually dealt with the excess coverage provider.

We are not persuaded by this argument. Under G.S. § 115C-42, a school board waives its immunity when it "secur[es]" or "obtain[s]" insurance from entities such as a commercial insurer. The evidence shows defendant knew its excess coverage was being provided by a commercial insurance company. We do not interpret the statute so narrowly as to exempt a school board from waiver where the board contracts with an intermediary to then procure the board's insurance through the commercial insurance market, nor do we believe such an interpretation consistent with the policy and purpose of G.S. § 115C-42.

This Court has previously addressed a similar issue in the context of a county's statutory waiver of its governmental immunity through the purchase of insurance. *See Wood v. Guilford County*, 143 N.C. App. 507, 546 S.E.2d 641 (2001), *affirmed in part and reversed in part on other grounds*, 355 N.C. 161, 558 S.E.2d 490 (2002). In that case, we held the trial court correctly denied the defendant county's motion to dismiss the complaint based on governmental immunity where the complaint alleged the county entered into a contract with an entity requiring that the entity obtain a liability policy from an insurance company and name the county as an additional insured. We held it was not necessary for the county to have directly purchased the insurance from the insurance company for it to have waived its immunity under the relevant statute, providing that the "[p]urchase of insurance" pursuant to that subsection waives the county's governmental immunity to the extent of coverage:

Although Defendant did not 'purchase' a liability insurance policy from an insurance company, we do not read section 153A-435(a) as requiring the purchase of insurance from an insurance company in order to waive governmental immunity. By requiring Burns to obtain an insurance policy and name Defendant as an additional insured, Defendant contracted, within the meaning of

section 153A-435(a), to have itself insured and, thus, waived its governmental immunity.

*Id.* at 513, 546 S.E.2d at 645-46.

As in *Woods*, we hold defendant's action in contracting with the Trust, which then contracted with a commercial insurer to provide excess coverage to defendant, constitutes a waiver of defendant's immunity under G.S. § 115C-42 to the extent of that coverage. The evidence establishes defendant waived its immunity for claims between $100,000 and $1,000,000 by securing coverage from a commercial insurer for that amount. Therefore, partial summary judgment in favor of plaintiff was proper as to this issue.

In its remaining assignment of error, defendant argues the trial court erred in considering the Kolbe affidavit where that affidavit was not given in connection with the present case and Kolbe had no personal knowledge of the facts of this case when giving the affidavit. Although Kolbe opined in the affidavit that he believed the Trust was engaged in the business of insurance, he made no representations as to whether the Trust met either of the two criterion under G.S. § 115C-42, and thus, his affidavit and the trial court's consideration thereof have no import in light of our decision. Accordingly, we need not address whether the trial court erred in considering the affidavit.

The order granting partial summary judgment in favor of plaintiff is reversed to the extent it determined defendant waived its governmental immunity for claims up to $100,000; the judgment is affirmed to the extent it determined defendant waived immunity for claims between $100,000 and $1,000,000. *See Jones v. Kearns*, 120 N.C. App. 301, 303, 462 S.E.2d 245, 246 (holding defendant city entitled to partial summary judgment to the extent it had not waived its immunity through the purchase of insurance for claims under $250,000, but not as to claims exceeding that amount for which the city had excess coverage), *disc. review denied*, 342 N.C. 414, 465 S.E.2d 541 (1995). This matter is remanded to the trial court for entry of partial summary judgment in favor of defendant on the issue of governmental immunity for claims of up to $100,000 and in excess of $1,000,000, and for such further proceedings as may be required.

Affirmed in part, reversed in part, and remanded.

Judges GREENE and BRYANT concur.