ANGELICA MAGANA, GUARDIAN AD LITEM FOR IVAN MAGANA, A MINOR, PLAINTIFF v. CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND DAVID ROBERTS, DEFENDANTS

No. COA06-1193

(Filed 1 May 2007)

**Immunity— sovereign—board of education—purchase of excess liability insurance**

Defendant board of education did not waive its governmental immunity when it purchased a general liability insurance policy providing coverage for damages in excess of the board's self-insured retention of $1,000,000 where the policy stated that the board did not intend to waive its governmental immunity, and the policy's coverage is contingent upon the board's liability for the first $1,000,000 of any damage award.

Appeal by plaintiff-appellants from judgment entered 8 June 2006 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 March 2007.

Osborne Law Offices, P.C., by Curtis C. Osborne, for plaintiff-appellants.

Helms, Mullis & Wicker, PLLC, by James G. Middlebrooks and Amy Reeder Worley, for defendant-appellees.

MARTIN, Chief Judge.

Plaintiffs brought this action alleging various claims for negligence and negligent infliction of emotional distress against defendant Charlotte-Mecklenburg Board of Education and David Roberts, a

**MAGANA v. CHARLOTTE-MECKLENBURG BD. OF EDUC.**

[183 N.C. App. 146 (2007)]

Behavior Management Technician employed by the Board. Plaintiffs sought compensatory and punitive damages for physical injuries inflicted upon the minor plaintiff, who suffers from Asperger's Disorder (a mild form of autism), when Roberts attempted to restrain him by grabbing and twisting his left arm. Defendants answered, denying any improper conduct on Roberts'. part, and asserting affirmative defenses including, *inter alia*, governmental immunity. In response to a defense motion, plaintiffs provided a Statement of Monetary Relief Sought indicating that they were seeking damages totaling $1,250,000.

Defendants then moved for summary judgment, supporting their motion with an affidavit from Scott H. Denham, the Risk Manager for the City of Charlotte, who administers insurance and self-insured retention programs for defendant Board of Education. In his affidavit, Mr. Denham provided a copy of the Board's Comprehensive General Liability Insurance Policy covering the applicable period, which contained a self-insured retention limit of $1,000,000. The policy further provided that "it is not intended by the insured to waive its governmental immunity as allowed by North Carolina Statutes Sec. 115C-42." Mr. Denham stated that the policy provided no coverage to the Board or Mr. Roberts for any amount up to $1,000,000 and that the Board carried no other insurance which might be applicable to provide coverage for the events alleged in the complaint for any amount below $1,000,000.

The trial court granted defendants' motion for summary judgment, concluding there was no genuine issue of material fact as to the Board's immunity or Roberts' official capacity immunity, and dismissed plaintiffs' claims against the Board and against Roberts to the extent he was sued in his official capacity. The court reserved its ruling on any claims asserted against Roberts in his individual capacity, which plaintiffs subsequently dismissed without prejudice. Plaintiffs appeal.

The sole issue presented by this appeal is whether the trial court erred in its conclusion that defendants did not waive immunity through the Board's purchase of a liability insurance policy providing coverage for damages in excess of the Board's self-insured retention of $1,000,000. We hold that the trial court did not err and affirm the order granting summary judgment.

The State and its agencies have traditionally enjoyed complete immunity from being sued in court. *Smith v. State*, 289 N.C.

303, 309-10, 222 S.E.2d 412, 417 (1976). With respect to immunity, a county board of education is a governmental agency, and is therefore not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority. *Beatty v. Charlotte-Mecklenburg Bd. of Educ.*, 99 N.C. App. 753, 755, 394 S.E.2d 242, 244 (1990). However, a board of education may waive this immunity by purchasing liability insurance. *See* N.C. Gen. Stat. § 115C-42 (2005). That statute reads, in pertinent part:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

N.C. Gen. Stat § 115C-42(2005). We have previously held that this statute provides the only means by which a board of education may waive its sovereign immunity. *Lucas v. Swain Cty. Bd. of Educ.*, 154 N.C. App. 357, 361, 573 S.E.2d 538, 541 (2002). Therefore, the pivotal question is whether the defendant had indemnified itself by insurance for the alleged tort.

Defendant School Board's General Liability Policy for the period at issue specifically stated that it was "not intended by the insured to waive its governmental immunity as allowed by North Carolina Statutes Sec. 115C-42." It contained a Self-Insured Retention Limit of $1,000,000. The Policy also carried an endorsement stating that when "the insured's legal obligation to pay damages has been determined, and the amount of such damages is less than or equal to $1,000,000 . . . then we shall have no obligation to pay or indemnify the insured for any amount under this Policy." The Policy went on to state that when "the insured's legal obligation to pay damages to which this insurance applies has been determined, and: (1) the amount of such damages is greater than . . . [$1,000,000], and (2) the insured has paid . . . [$1,000,000] to the claimant, then and only then will the insured be entitled to make claim for indemnity under this Policy." Therefore, the insurance policy's coverage is contingent upon the Board's liability for the first $1,000,000 of any damage award.

Our courts have strictly construed N.C.G.S. § 115C-42 against waiver. *Hallman v. Charlotte-Mecklenburg Bd. of Educ.*, 124 N.C. App. 435, 438-39 477 S.E.2d 179, 181 (1996). The terms of the statute itself make it clear that immunity is waived only to the extent of the coverage obtained under an insurance policy. *See* N.C. Gen. Stat. § 115C-42 (2005) ("Such immunity shall be deemed to have been waived by the act of obtaining such insurance, *but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort*") (emphasis added). In this case, as noted above, the policy provides coverage for only those claims for which defendant Board is liable for damages in excess of $1,000,000.

Even though plaintiffs seek damages in excess of $1,000,000, the policy provides that it will not indemnify the Board unless the Board has first paid $1,000,000 to the claimant. Since the Board has statutory immunity from liability for tort claims, it cannot be required to pay any part of the $1,000,000 self-insured amount and, therefore, the excess policy will provide no indemnification. The plaintiffs have argued that such a reading of the policy renders it meaningless, offering no coverage for any eventuality. We cannot agree. There are several instances where immunity is not available either because of federal or state statutes, or because of exceptions to the sovereign immunity doctrine. *See, e.g., Smith*, 289 N.C. at 320, 222 S.E.2d at 424 (abolishing state sovereign immunity in the contractual context). Those instances are not applicable here. Therefore, the trial court correctly concluded the Board has not waived its immunity as to the claims asserted by plaintiffs. Summary judgment is appropriate whenever the movant establishes a complete defense to plaintiffs' claim. *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 26, 348 S.E.2d 524, 528 (1986).

Affirmed.

Judges WYNN and GEER concur.