LANDFALL GROUP AGAINST PAID TRANSFERABILITY, AN UNINCORPORATED ASSOCIATION, PLAINTIFF v. LANDFALL CLUB, INC., DEFENDANT

No. 945SC84

(Filed 6 December 1994)

### Parties § 12 (NCI4th); Associations and Clubs § 26 (NCI4th)— one member of plaintiff not member of defendant—no representational standing of plaintiff

> Plaintiff unincorporated association did not have standing to bring this declaratory judgment action requesting declaration of rights under a club membership plan where one member of plaintiff did not belong to the club operated by defendant.

**Am Jur 2d, Associations and Clubs §§ 50 et seq.; Parties §§ 30 et seq.**

Appeal by plaintiff from judgment entered 20 September 1993 in New Hanover Superior Court by Judge Gary E. Trawick. Heard in the Court of Appeals 6 October 1994.

*Shipman & Lea, by Gary K. Shipman, for plaintiff-appellant.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, L.L.P., by Michael Murchison, for defendant-appellee.*

GREENE, Judge.

Landfall Group Against Paid Transferability, an unincorporated association (plaintiff), appeals from an order entered 20 September 1993 in New Hanover County Superior Court, granting Landfall Club, Inc.'s (defendant) motion for summary judgment in plaintiff's declaratory judgment action concerning the rights of plaintiff and defendant in regard to the transferability of memberships in defendant.

Defendant was incorporated in October 1987 "for the purpose of providing golf, recreational and social facilities within Landfall in Wilmington, North Carolina." The club facilities are owned by Landfall Associates, the developer of Landfall, a residential housing development in Wilmington, but the club facilities are operated by defendant. From October 1987 until 1 November 1990, defendant's by-laws limited transferability to surviving spouses of members and contained no provisions indicating membership would terminate upon sale of a member's property.

LANDFALL GROUP v. LANDFALL CLUB, INC.

[117 N.C. App. 270 (1994)]

Defendant adopted a new membership plan, effective 1 November 1990, which supersedes "the By-Laws of Landfall Club, Inc. in their entirety as of that date." The new plan gives golf and active members who purchased their memberships before 1 September 1990 the opportunity to acquire a transferability feature by paying a $2,500 Conversion Fee on or before 31 December 1990. If a member chooses not to acquire the transferability feature, membership is only transferable to the member's surviving spouse, and the membership terminates when the property is sold with no right to refund of any portion of the Membership Fee. Landfall property owners as of 1 November 1990 are given the opportunity to purchase a membership in defendant which includes the transferability feature at the initial membership fee until 31 December 1990. The new membership plan further provides that for those with the transferability feature, "[t]he amount repaid to a resigning member upon repurchase of his membership will be 50% of the Membership Fee being charged by the Club for the new purchaser's category of membership."

Plaintiff filed a declaratory judgment action against defendant on 1 November 1991, alleging "the Plaintiff is a non-profit Association, whose [46] members are likewise members of the Defendant Landfall Club, Inc." Plaintiff requested in its complaint a judgment declaring "the respective rights, privileges and duties of the Plaintiff and the Defendant, regarding the transferability of memberships in Landfall Club, Inc., and specifically declaring that any changes or modifications to the transferability options of memberships in Landfall Club, Inc., not be made retroactive to the existing members." Defendant filed motions to dismiss for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, failure "to join the individual members of plaintiff association as a party to this action on the grounds that said members are necessary parties," failure to prosecute the action in the name of the real parties in interest who are the individual members of plaintiff, and lack of standing "to bring this action for its individual members." Defendant made a motion for summary judgment on 27 August 1993 supported by the pleadings, the affidavit of Bruce R. Koch (Mr. Koch), plaintiff's reply to defendant's request for admissions, plaintiff's response to defendant's first set of interrogatories and request for production of documents, and plaintiff's answers to defendant's second set of interrogatories.

Mr. Koch, Senior Vice-President for Sales and Marketing at Landfall Associates, explained in his affidavit the transferability feature of the new membership plan and further stated that "[b]ased on review

of the Club records one member of plaintiff Association, John J. Marks, is not a member of the Landfall Club." Mr. Koch attached as Exhibit H copies of the purchase contracts and applications for membership in the club for members of plaintiff. Exhibit H contains lists of members of plaintiff with columns for property purchased, seller, date of purchase, and date of application for membership in defendant's club. Exhibit H provides that John J. Marks, a member of plaintiff, purchased property from Landfall Associates on 12 July 1990; however, under the column for "Date of Application for Membership," Exhibit H has "(not member)." Mr. Koch also provided the property purchase agreement between John J. Marks and Landfall Associates. Addendum "D" to the purchase agreement provides that John J. Marks and Landfall Associates agree "[t]he purchase price of this lot does not include a Landfall Club membership. This condition supersedes Item 7 of Exhibit A." There is no dispute that the other members of plaintiff are members of defendant.

Plaintiff, in its responses to defendant's request for interrogatories and request for admissions, lists John J. Marks as a member of plaintiff and a member "of the Club operated by the defendant" who has "not purchased the Transferability Feature."

The issue presented is whether plaintiff has standing to bring this declaratory judgment action requesting declaration of rights under a club membership plan where one member of plaintiff does not belong to the club operated by defendant.

The only basis on which plaintiff claims it has standing is as the representative of its members. *See Warth v. Seldin*, 422 U.S. 490, 511, 45 L. Ed. 2d 343, 362 (1975) (association "may have standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy" or "may have standing solely as the representative of its members"). Therefore, plaintiff may properly bring suit only if:

(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*River Birch Assocs. v. City of Raleigh*, 326 N.C. 100, 130, 388 S.E.2d 538, 555 (1990) (*quoting Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 53 L. Ed. 2d 383, 394 (1977)). Under

**LANDFALL GROUP v. LANDFALL CLUB, INC.**

[117 N.C. App. 270 (1994)]

the first prong of the *Hunt* test, an individual member has standing to sue in his own right if he can demonstrate a "distinct and palpable injury" likely to be redressed by granting the requested relief. *Valley Forge College v. Americans United*, 454 U.S. 464, 488, 70 L. Ed. 2d 700, 719 (1982); *see also Maryland Highway Contractors v. State of Maryland*, 933 F.2d 1246, 1252 (4th Cir.) (association did not meet first prong of *Hunt* test for representational standing where there was overwhelming evidence of lack of injury to each member of association), *cert denied*, 502 U.S. 939, 116 L. Ed. 2d 325 (1991); N.C.G.S. § 1A-1, Rule 17 (1991) (relates to standing and requires claim to be prosecuted in name of real party in interest, i.e., one benefited or injured by the judgment in the case).

In this case, in support of its motion for summary judgment, defendant produced Mr. Koch's affidavit, the purchase agreement between Landfall Associates and John J. Marks, and Exhibit H, all of which show that one member of plaintiff, John J. Marks, is not a member of the club operated by defendant. Based on this evidence, John J. Marks cannot demonstrate that he has a "distinct and palpable injury" likely to be remedied by granting the relief requested by plaintiff; therefore, plaintiff has failed to meet the first prong of the *Hunt* test for representational standing. Because defendant met its summary judgment burden by showing that there is no genuine issue of material fact due to lack of standing, the burden shifted to plaintiff to show that John J. Marks is a member of defendant. *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 63-64, 414 S.E.2d 339, 342 (1992) (once moving party meets summary judgment burden, non-movant has burden to show it will be able to make out at least a prima facie case at trial or provide an excuse for not so doing). Plaintiff, in its complaint, alleges its "members are likewise members" of defendant, and in its responses to defendant's request for interrogatories and request for admissions, lists John J. Marks as a member of plaintiff and a member "of the Club operated by the defendant" who has "not purchased the Transferability Feature." A mere statement, however, that John J. Marks is a member of defendant's club is not sufficient to raise a genuine issue of fact when defendant has produced an affidavit, the purchase contract between John J. Marks and Landfall Associates, and the club's records listing members of the club which show John J. Marks is not a member of defendant. *See Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 242 S.E.2d 785 (1978) (summary judgment for damages appropriate where plaintiff factually supported claim with certified arbitration award and

PHILLIPS v. WINSTON-SALEM/FORSYTH COUNTY BD. OF EDUC.

[117 N.C. App. 274 (1994)]

court order confirming that award, and defendant did not support its bare denial that alleged sum was owing); *First Citizens Bank & Trust Co. v. Holland,* 51 N.C. App. 529, 277 S.E.2d 108 (1981) (once movant supports summary judgment motion under Rule 56, opposing party must come forth with specific facts showing genuine issue for trial). Because plaintiff failed to meet its summary judgment burden, the trial court did not err in granting defendant's motion for summary judgment. *See Early v. Bowen,* 116 N.C. App. 206, 208, 447 S.E.2d 167, 169 (1994) (summary judgment appropriate in declaratory judgment action where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law). Accordingly, the decision of the trial court is

Affirmed.

Judges WYNN and JOHN concur.