BETTY C. HALLMAN, Plaintiff, v. CHARLOTTE-MECKLENBURG BOARD
OF EDUCATION, Defendant

No. COA96-74

(Filed 5 November 1996)

1. **Appeal and Error § 118 (NCI4th)— summary judgment— governmental immunity—immediately appealable**

   The denial of a summary judgment for defendant school board was immediately appealable although interlocutory where the basis for the motion was governmental immunity.

   **Am Jur 2d, Appellate Review §§ 169, 170.**

2. **Schools § 172 (NCI4th)— injury on school grounds—liability of school board—claim for less than minimum insurance amount—governmental immunity**

   Summary judgment should have been granted for defendant Board of Education in an action alleging that plaintiff had injured her right ankle while walking on school grounds where plaintiff had filed a Rule 8(a)(2) statement that she was seeking $45,000 in damages and defendant Board established that it was not insured for claims under $1,000,000. Defendant Board's participation in the City of Charlotte's risk management agreement is not tantamount to the purchase of liability insurance as authorized by N.C.G.S. § 115C-42 and does not constitute a waiver of governmental immunity pursuant to the statute for claims not covered by insurance.

   **Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 42 et seq., 59 et seq.**

   **Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

Appeal by defendant from order entered 27 October 1995 by Judge Claude Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 October 1996.

*Price, Smith & Hargett, by William Benjamin Smith and Sheri A. Harrison, for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, by James G. Middlebrooks and Mark R. McGrath, for defendant-appellant.*

MARTIN, John C., Judge.

Plaintiff, Betty C. Hallman, brought this action against the Charlotte-Mecklenburg Board of Education ("Board") alleging that she had injured her right ankle while walking on the grounds of Devonshire Elementary School in Charlotte, North Carolina. She alleged that her injury occurred as a proximate result of negligence on the part of unspecified agents and employees of defendant Board. After defendant answered, interposing a Rule 12(b)(6) motion for plaintiff's failure to plead its waiver of governmental immunity, denying the material allegations of the complaint, and asserting plaintiff's contributory negligence as an affirmative defense, plaintiff was permitted to amend her complaint to allege that the Board had waived its defense of governmental immunity by purchasing insurance. The Board denied the allegations contained in the amendment.

Plaintiff filed a Rule 8(a)(2) statement of amount of monetary relief sought, stating that she is seeking $45,000 in damages. The Board subsequently moved for summary judgment on the grounds that it did not have liability insurance which would provide coverage for plaintiff's claim and, therefore, had not waived its governmental immunity.

In support of its motion, the Board submitted the affidavit of Daniel J. Pliszka, manager of the Division of Insurance and Risk Management of the Finance Department for the City of Charlotte. Mr. Pliszka stated that his department administers insurance and self-retention programs for defendant Board of Education and that on the date of plaintiff's injury, the risk of liability for negligence of the Board or its employees was self-retained by the Board for amounts up to $1,000,000. He further stated that the Board had purchased insurance coverage for liability exceeding $1,000,000. Since plaintiff sought $45,000 in damages, Mr. Pliszka stated that the Board had not purchased insurance for the damages alleged in plaintiff's complaint. Plaintiff did not offer any evidence in opposition to defendant's

motion for summary judgment. The trial court denied defendant's motion and defendant appeals.

---

**[1]** As a general rule, denial of a motion for summary judgment is interlocutory and hence not immediately appealable. However, if the defense of governmental immunity is asserted as grounds for the summary judgment motion, the denial of the motion has been held to affect a substantial right, and the order is immediately appealable pursuant to G.S. § 1-277(a) and G.S. § 7A-27(d). *Hickman v. Fuqua,* 108 N.C. App. 80, 422 S.E.2d 449 (1992), *disc. review denied,* 333 N.C. 462, 427 S.E.2d 621 (1993). Here, the Board asserted its governmental immunity as an affirmative defense to plaintiff's claim and as a basis for its summary judgment motion. Thus, the order denying the motion is immediately appealable.

**[2]** Defendant Board's sole assignment of error is the denial of its motion for summary judgment. Defendant argues that it is entitled to judgment because it has not waived its governmental immunity from liability pursuant to G.S. § 115C-42. We agree.

The party moving for summary judgment has the burden of establishing the absence of a triable issue of fact, which may be satisfied by showing that the party cannot overcome an affirmative defense which would bar the claim. *Taylor v. Ashburn,* 112 N.C. App. 604, 436 S.E.2d 276 (1993), *cert. denied,* 336 N.C. 77, 445 S.E.2d 46 (1994). Once the moving party meets its burden, the non-movant must come forward with facts showing that it will be able to make out a *prima facie* case at trial. *Landfall Group v. Landfall Club, Inc.,* 117 N.C. App. 270, 450 S.E.2d 513 (1994).

A local board of education is immune from suit and may not be liable in a tort action unless the Board has duly waived its governmental immunity. *Fields v. Board of Education,* 251 N.C. 699, 111 S.E.2d 910 (1960); *Overcash v. Statesville City Bd. of Educ.,* 83 N.C. App. 21, 348 S.E.2d 524 (1986). However, a board of education may waive such immunity by purchasing liability insurance. G.S. § 115C-42 (1994) provides in pertinent part:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the

course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

In the present case, defendant Board established through the affidavit of Mr. Pliszka that it was not insured for claims under $1,000,000 and, therefore, had not waived its immunity pursuant to G.S. § 115C-42. Plaintiff argues, however, that Mr. Pliszka's affidavit also shows that defendant Board participates in the City of Charlotte's risk management agreement. Relying on *Lyles v. City of Charlotte*, 120 N.C. App. 96, 461 S.E.2d 347, *review allowed*, 342 N.C. 414, 465 S.E.2d 542 (1995), plaintiff argues that the Board's participation in the risk management agreement constitutes "insurance" and operates as a waiver of the Board's immunity. We find *Lyles* inapposite to the present case and reject plaintiff's argument.

In *Lyles*, this Court held that the City of Charlotte's participation in a risk management agreement made it a participant in a "local government risk pool" and resulted in at least a partial waiver of the City's governmental immunity pursuant to G.S. § 160A-485(a), which specifically provides that participation in a local government risk pool "shall be deemed to be the purchase of insurance for the purposes of this section." N.C. Gen. Stat. § 160A-485(a) (1994). However, waiver of immunity for local boards of education is governed by G.S. § 115C-42, which contains no authorization, such as that contained in G.S. § 160A-485(a), for waiver of immunity by participation in a risk pool. The courts of North Carolina have applied a rule of strict construction to statutes authorizing waiver of sovereign immunity, *Guthrie v. North Carolina State Ports Authority*, 307 N.C. 522, 299 S.E.2d 618 (1983), including, specifically, G.S. § 115C-42. *Beatty v. Charlotte-Mecklenburg Bd. of Education*, 99 N.C. App. 753, 394 S.E.2d 242 (1990); *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 348 S.E.2d 524 (1986).

Moreover, G.S. § 115C-42, which must be strictly construed against waiver, provides that a contract of insurance, in order to constitute a waiver of immunity, "shall be issued by a company or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of Insurance . . . ." Mr. Pliszka's affidavit establishes, without contradiction from plaintiff, that Charlotte's Division of Insurance and Risk Management (DIRM) is not an insurance company and has not been

deemed so by state statutes, that it does not issue insurance policies or enter into contracts of insurance, and that "DIRM is not regulated by the Commissioner of Insurance nor is it licensed and supervised by the Commissioner of Insurance, as required of all insurance companies pursuant to N.C. Gen. Stat. § 58-2-125 . . . ." Thus, we hold that defendant Board's participation in the City of Charlotte's risk management agreement is not tantamount to the purchase of liability insurance as authorized by G.S. § 115C-42 and does not constitute a waiver of its governmental immunity pursuant to the statute for claims not covered by insurance.

Summary judgment is appropriate whenever the movant establishes a complete defense to plaintiff's claim. *Overcash v. Statesville City Bd. of Educ., supra; Estrada v. Jaques,* 70 N.C. App. 627, 321 S.E.2d 240 (1984); *Ballinger v. Secretary of Revenue,* 59 N.C. App. 508, 296 S.E.2d 836 (1982), *cert. denied,* 307 N.C. 576, 299 S.E.2d 645 (1983). Defendant Board has established the complete defense of governmental immunity. Accordingly, the trial court erred in denying defendant's motion for summary judgment and we must reverse its order and remand this case for the entry of summary judgment in favor of defendant Board of Education.

Reversed and remanded.

Judges EAGLES and SMITH concur.