RIPELLINO v. N.C. SCHOOL BDS. ASS'N

[158 N.C. App. 423 (2003)]

MICHAEL G. RIPELLINO, LOUISE A. RIPELLINO AND NICOLE RIPELLINO, Plaintiffs v. THE NORTH CAROLINA SCHOOL BOARDS ASSOCIATION, INCORPORATED; NORTH CAROLINA SCHOOL BOARDS TRUST, a division and/or department of, created and administered by, THE NORTH CAROLINA SCHOOL BOARDS ASSOCIATION, INCORPORATED; 1982 NORTH CAROLINA SCHOOL BOARDS ASSOCIATION SELF-FUNDED TRUST FUND, a division and/or department of, created and administered by, THE NORTH CAROLINA SCHOOL BOARDS ASSOCIATION, INCORPORATED; 1986 NORTH CAROLINA SCHOOL BOARDS ASSOCIATION SELF-FUNDED ERRORS AND OMISSIONS/GENERAL LIABILITY TRUST FUND, a division and/or department of, created and administered by, THE NORTH CAROLINA SCHOOL BOARDS ASSOCIATION, INCORPORATED; 1997 NORTH CAROLINA SCHOOL BOARDS ASSOCIATION SELF-FUNDED AUTO/INLAND MARINE TRUST FUND, a division and/or department of, created and administered by, THE NORTH CAROLINA SCHOOL BOARDS ASSOCIATION, INCORPORATED, and THE JOHNSTON COUNTY BOARD OF EDUCATION, Defendants

No. COA02-1309

(Filed 17 June 2003)

**1. Discovery— deposition of witness—motion for continuance**

The trial court did not err in a personal injury case by denying plaintiffs' motion for a continuance to depose a witness, because plaintiffs failed to show that new information relevant to the limited issue presented in the summary judgment hearing regarding immunity and waiver of immunity would be discovered.

**2. Immunity— sovereign—local school board—purchase of insurance—waiver**

Although the trial court did not err in a personal injury case by granting summary judgment in favor of defendants on the ground of sovereign immunity for claims less than $100,000 and greater than $1,000,000 based on the fact that defendant local school board's participation in the North Carolina School Boards Trust (NCSBT) did not qualify as a purchase of insurance under N.C.G.S. § 115C-42 causing defendant to waive its immunity, the trial court erred by granting summary judgment for claims in excess of $100,000 and under $1,000,000 pursuant to excess insurance coverage purchased by defendant local board of education.

**3. Immunity— sovereign—local school board—estoppel**

Defendant local board of education is not estopped from claiming sovereign immunity in a personal injury case even

though defendant paid plaintiffs for property damage, because: (1) the General Assembly determines when and under what circumstances the State and its political subdivisions may be sued; and (2) the concept of sovereign immunity is so firmly established that it should not and cannot be waived by indirection or by procedural rule.

### 4. Civil Rights— section 1983 claim—sovereign immunity defense inapplicable

The trial court erred in a personal injury case by granting summary judgment in favor of defendant local board of education on plaintiffs' § 1983 claim, because defendant may not assert a defense of sovereign immunity against plaintiffs' constitutional § 1983 claim even though plaintiffs may not be entitled to monetary relief under this section against defendant on grounds other than sovereign immunity.

### 5. Damages and Remedies— punitive damages—governmental entity immune

Defendant local board of education is immune from a claim for punitive damages because the board is a governmental entity.

### 6. Civil Procedure— summary judgment—contingent upon claims against other defendants

The trial court did not err in a personal injury case by granting summary judgment in favor of the trust defendants when those defendants did not move for summary judgment and did not participate in the summary judgment hearing because plaintiffs' claims against those defendants are related to and contingent upon the claims against defendant local board of education.

Appeal by plaintiffs from judgment entered 15 March 2002 by Judge Knox V. Jenkins, Jr. in Johnston County Superior Court. Heard in the Court of Appeals 15 May 2003.

*Mast, Schulz, Mast, Mills, Stem & Johnson, P.A., by Bradley N. Schulz and Don R. Wells, for plaintiffs.*

*Yates, McLamb & Weyher, LLP, by Barbara B. Weyher, for the Trust defendants.*

*Cranfill, Sumner & Hartzog, LLP, by Stephanie Hutchins Autry, for Johnston County Board of Education.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jill R. Wilson, for North Carolina Council of School Attorneys, amicus curiae.*

*Ferguson Stein Chambers Wallas Adkins Gresham & Sumter, P.A., by S. Luke Largess, for North Carolina Academy of Trial Lawyers, amicus curiae.*

TYSON, Judge.

Michael G. Ripellino, Louise A. Ripellino, and Nicole Ripellino ("Nicole") (collectively "plaintiffs") appeal from an entry of summary judgment in favor of all defendants. We affirm in part, reverse in part, and remand.

## I. Background

At the end of classes on 9 March 1998, Nicole was departing from Clayton High School in Johnston County in her parent's vehicle. A traffic control gate owned by the Johnston County Board of Education ("Board") swung closed, struck the vehicle, and injured Nicole. In October 1998, the Ripellinos were paid $2,153.18 for property damage. The Board refused to pay medical expenses or other compensation.

On 26 March 2001 and amended on 6 April 2001, plaintiffs filed suit against the Board, and The North Carolina School Boards Association, Inc., and The North Carolina School Board Trust and its self-funded trusts ("trust defendants"). Plaintiffs alleged (1) a negligent personal injury claim against the Board on the part of Nicole, (2) a medical expenses claim on the part of Nicole's parents against the Board, (3) declaratory judgment that immunity had been waived through (a) participation in the trust and (b) the payment of property damages, (4) unfair and deceptive trade practices against all defendants, (5) 42 U.S.C. § 1983 claim ("§ 1983 claim") and constitutional claims against all defendants, and (6) punitive damages.

Upon motion of the Board, the trial court bifurcated the trial allowing the issues of whether the Board was immune from suit and whether the Board had waived sovereign immunity to be resolved while the other claims were stayed. Based upon discovery affidavits, plaintiffs requested the deposition of Tom Davis.

On 19 February 2002, the trial court held a hearing regarding plaintiffs' request to depose Davis. At the end of the hearing, the trial

court orally ruled that because the trial was bifurcated and there was nothing new to which Davis would be able to testify regarding immunity, plaintiffs would not be permitted to depose Davis.

The hearing on the Board's motion for summary judgment was continued until 8 March 2002. After the hearing, the trial court granted summary judgment in favor of all defendants on all claims. Plaintiffs appeal from both the denial of the request for deposition of Davis,and the grant of summary judgment to all defendants on all issues.

## II. Issues

Plaintiffs contend the trial court erred in (1) preventing plaintiffs from deposing Davis, (2) granting summary judgment to the Board when the Board waived immunity by purchasing insurance, (3) granting summary judgment for the Board when the Board was estopped from denying payment of the claim, (4) granting summary judgment on the constitutional issues and the § 1983 claims, and (5) granting summary judgment to the Trust defendants.

## III. Deposition of Davis

[1] Plaintiffs contend the trial court erred in denying their request to depose Davis. We disagree.

Rule 56 of the Rules of Civil Procedure provides:

(f) When affidavits are unavailable.—Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

N.C. Gen. Stat. § 1A-1, Rule 56(f). To prevail on a Rule 56(f) motion, the moving party has the burden of showing why additional discovery is necessary and how that discovery will create a genuine issue of material fact. *See e.g., Becerra v. Asher*, 105 F.3d 1042, 1048, *cert. denied*, 522 U.S. 824, 139 L. Ed. 2d 40 (1997).

Because of the previously bifurcated discovery and trial, the only issues open for discovery and the summary judgment hearing were immunity and waiver of immunity. On appeal, plaintiffs contend that "Davis' deposition is necessary to determine the nature of the Board's

interaction with Trust Defendants, as well as the arbitrary payment by the Board of claims." The Board had already provided through discovery a list of claims paid by the Board and that no claims had been paid by the Trust. The trial court did not err in denying plaintiffs' motion for a continuance to depose Davis when they failed to show that new information relevant to the limited issue presented in the summary judgment hearing would be discovered. This assignment of error is overruled.

### IV. Sovereign Immunity

### A. Non-Constitutional Claims

"As a general rule, the doctrine of governmental, or sovereign immunity bars action against, *inter alia,* the state, its counties, and its public officials sued in their official capacity." *Herring ex rel. Marshall v. Winston-Salem/Forsyth Bd. of Educ.,* 137 N.C. App. 680, 683, 529 S.E.2d 458, 461, *disc. rev. denied,* 352 N.C. 673, 545 S.E.2d 423 (2000) (citations omitted). "A local board of education is immune from suit and may not be liable in a tort action unless the Board has duly waived its governmental immunity." *Hallman v. Charlotte-Mecklenburg Bd. of Educ.,* 124 N.C. App. 435, 437, 477 S.E.2d 179, 180 (1996). The General Assembly has provided a means for a local board of education to waive immunity through N.C. Gen. Stat. § 115C-42 (2001), which provides in part:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

The statute expressly defines how a local board may procure insurance and from whom it may be procured:

> Any contract of insurance purchased pursuant to this section shall be *issued by a company or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of*

*Insurance* and shall by its terms adequately insure the local board of education against liability for damages by reason of death or injury to person or property proximately caused by the negligent act or torts of the agents and employees of said board of education or the agents and employees of a particular school in a local administrative unit when acting within the scope of their authority.

(Emphasis supplied). N.C. Gen. Stat. § 115C-42.

N.C. Gen. Stat. § 115C-42 is the exclusive means of a local board of education to waive immunity. *Lucas v. Swain County Bd. of Educ.*, 154 N.C. App. 357, 361, 573 S.E.2d 538, 541 (2002). "The Courts of North Carolina have applied a rule of strict construction to statutes authorizing waiver of sovereign immunity." *Hallman*, 124 N.C. App. at 438, 477 S.E.2d at 181. As a local board of education, the Board is immune from suit in a tort action unless it waived immunity.

### 1. Participation in the Trust

[2] Plaintiffs argue the Board's participation in the North Carolina School Boards Trust ("NCSBT") qualified as a purchase of insurance under N.C. Gen. Stat. § 115C-42 and waived the Board's immunity. We disagree.

Our Court has recently determined that "the only way a plaintiff can establish that a board has waived its immunity is by showing the contract of insurance was issued by (1) an entity licensed and authorized to execute insurance contracts in this State; or (2) a qualified insurer as determined by the Department of Insurance." *Lucas*, 154 N.C. App. at 361, 573 S.E.2d at 541. Plaintiffs have failed to forecast evidence that NCSBT meets either of these requirements.

The NCSBT provides:

local boards of education the opportunity to budget funds for the purpose of paying all or part of a Claim made or any civil judgment entered against any of its members or employees or former members or employees, when such a Claim is made or such judgment is rendered as Damages on account of any act done or omission made, or any act allegedly done or omission allegedly made, in the scope or their duties as members of the local board of education or as employees. NCSBT does not provide any coverage for any Claim which could not be paid by a local board of education pursuant to G.S.115C-43(b) or successor statute. The NCSBT Coverage Agreement is not a contract of insurance by a company

or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of Insurance. Therefore, the NCSBT Coverage Agreement expressly is not considered a waiver of governmental immunity as provided in G.S.115C-42.

The policy states that the fund provides general liability coverage and errors and omissions coverage of $100,000 for each claim made and excess insurance limits of $900,000 for each claim made totaling $1,000,000 coverage. Excess insurance is defined as "insurance purchased by NCSBT that provides coverage over and above the Fund limits as shown in the Declarations." To the extent the excess insurance policy provides coverage, the Board waived immunity.

The trial court erred in granting summary judgment on the grounds of sovereign immunity for claims in excess of $100,000 and under $1,000,000 pursuant to the excess insurance coverage. The trial court did not err in granting summary judgment in favor of the Board for claims less than $100,000 and greater than $1,000,000.

### 2. Estoppel

[3] Plaintiffs contend the Board is estopped from claiming governmental immunity when the Board paid plaintiffs for property damage. We disagree.

A waiver of sovereign immunity must be established by the General Assembly. *Wood v. N.C. State Univ.*, 147 N.C. App. 336, 338, 556 S.E.2d 38, 40 (2001). "Our Supreme Court has stated that 'it is for the General Assembly to determine when and under what circumstances the State [and its political subdivisions] may be sued." *Id.* (quoting *Guthrie*, 307 N.C. at 534, 299 S.E.2d at 625). "The concept of sovereign immunity is so firmly established that it should not and cannot be waived by indirection or by procedural rule. Any such change should be by plain, unmistakable mandate of the lawmaking body." *Id.*

If a court could estop the Board from asserting an otherwise valid defense of sovereign immunity, "then, effectively, that court, rather than the General Assembly, would be waiving [the Board's] sovereign immunity." *Id.* at 347, 556 S.E.2d at 45.

### B. Constitutional Claims

[4] Plaintiffs contends the trial court erred in granting summary judgment in favor of the Board on the § 1983 claim. We agree.

Section 1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding to redress." 42 U.S.C. § 1983 (2000). Our Supreme Court has held that the State of North Carolina and its agencies are not "persons" within the meaning of section 1983 and could not be sued for monetary damages under that statute. *Corum v. University of North Carolina*, 330 N.C. 761, 789, 413 S.E.2d 276, 293, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992). Municipalities are considered persons and subject to suit under § 1983 for monetary damages.

The United States Supreme Court has held that the legislature intended for "municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 56 L. Ed. 2d 611, 635 (1978). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.*

"A county may not claim sovereign immunity as a defense to a section 1983 claim if the violation of federal rights is caused by the county's official policy, such as the implementation of an ordinance or a decision officially adopted by the board of county commissioners." *Peverall v. County of Alamance*, 154 N.C. App. 426, 432, 573 S.E.2d 517, 521 (2002).

Plaintiffs alleged that the Board, the local governing body for the school system, has unconstitutionally paid some claims while asserting immunity on others in violation of plaintiffs' equal protection and due process rights. Plaintiffs showed through discovery that claims had been paid by the Board, including partial payment to plaintiffs.

The Board may not assert a defense of sovereign immunity against plaintiffs' constitutional § 1983 claims. We note that plaintiffs may not be entitled to monetary relief pursuant to section 1983 against defendant on grounds other than sovereign immunity. *Id.* (citing *Messick v. Catawba County*, 110 N.C. App. 707, 713-14, 431 S.E.2d

489, 493, *disc. rev. denied,* 334 N.C. 621, 435 S.E.2d 336 (1993) (holding that, because a county is not a "person" for purposes of a section 1983 claim, it cannot be sued where the remedy sought is monetary damages)). As this appeal is limited to issues of sovereign immunity, we do not address the merits of such an argument. The trial court erred in granting summary judgment in favor of defendants on the § 1983 and constitutional claim.

### C. Punitive Damages

**[5]** Plaintiffs asserted a claim of punitive damages against defendants. "Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct." *Long v. City of Charlotte,* 306 N.C. 187, 207, 293 S.E.2d 101, 114 (1982). Usually, the individual wrongdoer himself is made to suffer for his conduct. Here, it is the governmental entity. *Id.*

In *Long,* our Supreme Court held that public policy, in the absence of statutory provisions to the contrary, provides that municipal corporations are immune from punitive damages. *Id.* We find the rational in *Long* persuasive, and hold that the Board, as a governmental entity, is immune from punitive damages.

### V. Trust Defendants

**[6]** Plaintiffs contend the trial court erred in granting summary judgment to the trust defendants when the trust defendants did not move for summary judgment and did not participate in the summary judgment hearing.

Plaintiffs' claims against the trust defendants are related to and contingent upon the claims against the Board. To the extent the trial court properly granted summary judgment in favor of the Board, the claims against the trust defendants were also properly granted.

### VII. Conclusion

The trial court erred in granting summary judgment on the grounds of immunity as to the constitutional claims against all defendants and as to the non-constitutional claims to the extent there was excess liability insurance for claims between $100,000 to $1,000,000 dollars. The trial court properly granted summary judgment to defendants on claims of less than $100,000 and for punitive damages.

Affirmed in part, reversed in part and remanded.

Judges McGEE and CALABRIA concur.