ROBERT ERNEST WILLETT, Plaintiff v. THE CHATHAM COUNTY BOARD
OF EDUCATION, Defendant

No. COA05-607

(Filed 21 February 2006)

**1. Immunity— participation in School Board Trust—no waiver of governmental immunity**

Binding precedents bar the argument that defendant school board waived governmental immunity by entering into a general trust fund agreement with the North Carolina School Board Trust.

**2. Immunity— school board—basketball game with charged admission—not a proprietary function—not a waiver**

Defendant school board did not waive its governmental immunity by operating a basketball game for which admission was charged. The operation of an athletic program is an authority conferred on the school board by the legislature and did not involve a proprietary operation.

**3. Immunity— school board—failure to maintain school property**

N.C.G.S. § 115C-24 does not implicitly create a private right of action against a local board of education for injuries arising from the board's alleged failure to maintain school property in proper condition for use.

Appeal by Plaintiff from judgment entered 13 December 2004 by Judge James M. Webb in Superior Court, Chatham County. Heard in the Court of Appeals 24 January 2006.

*Staton, Doster, Post, & Silverman, Norman C. Post, Jr., for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, LLP, Stephanie Hutchins Autry and Alycia S. Levy; and Allison B. Schafer, for defendant-appellant.*

*Tharrington Smith, LLP, Deborah Stagner, for the North Carolina School Boards Association, amicus curiae.*

WYNN, Judge.

School boards enjoy the right of governmental immunity absent waiver or a statute to the contrary.[1] In this case, Plaintiff Robert Ernest Willett argues that a school board's participation in the North Carolina School Board Trust Fund and performance of a proprietary function constituted waivers; he also asserts the existence of a statutory cause of action. Because his arguments are not supported by North Carolina law, we reject Plaintiff's appeal.

On 9 February 2000, while attending a middle school basketball game at Moncure Elementary School (a public school in Chatham County), Mr. Willett allegedly suffered injuries when the bleachers in the gymnasium folded, caught his ankle and caused him to fall. Mr. Willett brought an action for damages alleging that Defendant Chatham County Board of Education ("Chatham School Board") waived its governmental immunity by participating in the North Carolina School Board Trust Risk Management Program, and by engaging in a proprietary function. Mr. Willett further alleged that section 115C-524(b) of the North Carolina General Statutes implicitly creates a cause of action, not barred by governmental immunity, for injuries arising from the failure to maintain all school buildings in good repair and proper condition. Nonetheless, the trial court granted summary judgment in favor of the Chatham School Board on sovereign immunity grounds. Mr. Willett appeals to this Court.

[1] On appeal, Mr. Willett first argues that the Chatham School Board waived governmental immunity under section 115C-42 of the North Carolina General Statutes by entering into a general trust fund agreement with the North Carolina School Board Trust. We need not further consider this argument because in *Lucas v. Swain County Bd. of Educ.*, 154 N.C. App. 357, 365, 573 S.E.2d 538, 543 (2002), this Court specifically rejected it. *See also Ripellino v. North Carolina Sch. Bd.'s Ass'n*, 158 N.C. App. 423, 429, 581 S.E.2d 88, 92-93 (2003) (holding that the Johnston County Board of Education's participation in the North Carolina School Board Trust did not constitute a waiver of immunity for claims up to $ 100,000.00), *cert. denied*, 358 N.C. 156, 592 S.E.2d 694 (2004). Accordingly, we reject this assignment of error as barred by binding precedents. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a sub-

---

1. *See Smith v. Hefner*, 235 N.C. 1, 68 S.E.2d 783 (1952); *Lindler v. Duplin County Bd. of Educ.*, 108 N.C. App. 757, 425 S.E.2d 465 (1993).

sequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

**[2]** Mr. Willett further contends the Chatham School Board waived its governmental immunity by engaging in a proprietary function. Specifically, he argues that by operating a basketball game and charging admission, the Chatham School Board profited and therefore waived its governmental immunity. This argument is also without merit.

Governmental immunity shields a state entity in the performance of governmental functions, but not proprietary functions. *Hickman v. Fuqua*, 108 N.C. App. 80, 82-83, 422 S.E.2d 449, 451 (1992), *disc. review denied*, 333 N.C. 462, 427 S.E.2d 621 (1993). Our Supreme Court distinguished governmental functions from proprietary functions by stating, "If the undertaking of the municipality is one in which only a governmental agency could engage, it is governmental in nature. It is proprietary and 'private' when any corporation, individual, or group of individuals could do the same thing." *Britt v. City of Wilmington*, 236 N.C. 446, 451, 73 S.E.2d 289, 293 (1952).

In applying the *Britt* test, this Court has held, "[c]harging a substantial fee to the extent that a profit is made is strong evidence that the activity is proprietary." *Hare v. Butler*, 99 N.C. App. 693, 699, 394 S.E.2d 231, 235, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). However, "a 'profit motive' is not the sole determinative factor when deciding whether an activity is governmental or proprietary." *Hickman*, 108 N.C. App. at 84, 422 S.E.2d at 451-52 (citation omitted); *see also State Art Museum Bldg. Comm'n v. Travelers Indem. Co.*, 111 N.C. App. 330, 335, 432 S.E.2d 419, 422 ("the mere receipt of private funds does not render the State's actions proprietary"), *disc. review denied*, 335 N.C. 181, 438 S.E.2d 208 (1993); *McCombs v. City of Asheboro*, 6 N.C. App. 234, 241, 170 S.E.2d 169, 174 (1969) ("actual profit is not the test, and the city will not lose its government immunity solely because it is engaged in an activity which makes a profit."). Instead, "courts look to see whether an undertaking is one 'traditionally' provided by the local governmental units." *Hickman*, 108 N.C. App. at 84, 422 S.E.2d at 452.

In this case, Mr. Willett contends that the Chatham School Board's operation of a competitive basketball team is not within the purview of traditional government activities. However, section 115C-47(4) of the North Carolina General Statutes confers exclusive

authority on all local school boards to operate an athletic program. Section 115C-47(4) provides in pertinent part:

> In addition to the powers and duties designated in G.S. 115C-36, local boards of education shall have the power or duty:

> (4) To Regulate Extracurricular Activities. Local boards of education shall make all rules and regulations necessary for the conducting of extracurricular activities in the schools under their supervision, *including a program of athletics, where desired, without assuming liability therefor*; provided, that all interscholastic athletic activities shall be conducted in accordance with rules and regulations prescribed by the State Board of Education.

N.C. Gen. Stat. § 115C-47(4) (2005). The General Assembly's mandate in section 115C-47(4) leaves little room for doubt as to whether the school board's operation of an athletic program is a traditional government function. The fact that section 115C-47(4) grants all local boards of education across the state the exclusive authority to control the interscholastic athletic program for the county's public schools renders this function traditionally governmental in nature. The statute further provides that the local boards shall not incur liability by virtue of its control over activities of the athletic program, making it clear that the local boards are not waiving their governmental immunity. *See North Carolina Utilities Comm'n v. McKinnon*, 254 N.C. 1, 11, 118 S.E.2d 134, 142 (1961) ("In our opinion, the phrase 'without assuming liability therefor' was inserted for the purpose of making it clear that such governing authorities were not waiving governmental immunity.").

Moreover, the Chatham School Board's charging admission to the basketball game is not conclusive in determining that it engaged in a proprietary activity. In *McIver v. Smith*, this Court rejected the assertion that "one of the major tests in labeling a government activity proprietary is whether a monetary fee is involved." *McIver v. Smith*, 134 N.C. App. 583, 586, 518 S.E.2d 522, 525 (1999), *disc. review improvidently allowed*, 351 N.C. 344, 525 S.E.2d 173 (2000). In that case, we held that the county's ambulance service was not a proprietary activity, stating "[t]he fact that [the county] charged a fee for its ambulance service does not alone make it a proprietary operation." *Id.* at 587, 518 S.E.2d at 525. Likewise, the fees charged in this case do not make the basketball game held at the public school a proprietary operation. The admission fee of $1.00 for students and $2.00 for par-

ents was hardly "substantial," and there is no evidence in the record to show that the basketball admission charges generated enough revenue to pay for anything other than the school's athletic program. Because the operation of an athletic program is an authority conferred on the school board by the legislature, and the Chatham School Board did not engage in a proprietary operation, we conclude that the Chatham School Board did not waive its governmental immunity.

**[3]** Mr. Willett next contends that the trial court erred in granting summary judgment because section 115C-524(b) of the North Carolina General Statutes implicitly creates a cause of action—not barred by governmental immunity—for injuries arising from the failure to maintain all school buildings in good repair and proper condition. We disagree.

School boards enjoy the right of sovereign immunity absent a statute to the contrary. *Smith*, 235 N.C. at 7, 68 S.E.2d at 787 ("a subordinate division of the state, or agency exercising statutory governmental functions like a city administrative school unit, may be sued only when and as authorized by statute"); *Lindler*, 108 N.C. App. at 761, 425 S.E.2d at 468 ("schools enjoy the right of sovereign immunity absent a statute to the contrary."). North Carolina General Statute section 115C-524(b) provides:

> It shall be the duty of local boards of education and tax-levying authorities, in order to safeguard the investment made in public schools, to keep all school buildings in good repair to the end that all public school property shall be taken care of and be at all times in proper condition for use . . .

> Notwithstanding the provisions of G.S. 115C-263 and 115C-264, local boards of education may adopt rules and regulations under which they may enter into agreements permitting non-school groups to use school real and personal property, except for school buses, for other than school purposes so long as such use is consistent with the proper preservation and care of the public school property. No liability shall attach to any board of education, individually or collectively, for personal injury suffered by reason of the use of such school property pursuant to such agreements.

N.C. Gen. Stat. § 115C-524(b) (2005). Generally, a statute allows for a private cause of action "only where the legislature has expressly pro-

vided a private cause of action within the statute." *Lea v. Grier*, 156 N.C. App. 503, 508, 577 S.E.2d 411, 415 (2003) (quoting *Vanasek v. Duke Power Co.*, 132 N.C. App. 335, 339, 511 S.E.2d 41, 44 (1999)).

Here, section 115C-24 does not expressly create a basis for an individual to bring a claim against a local board of education for its alleged failure to maintain school property in proper condition for use. Indeed, the plain language of the statute provides that the local boards and tax-levying authorities must keep all school buildings in good repair *"in order to safeguard the investment made in public schools."* N.C. Gen. Stat. § 115C-524(b) (emphasis added). While Mr. Willett argues that section 115C-524(b) *implicitly* creates a private right of action for individuals, our courts have declined to infer or imply an abrogation of a school board's immunity. *See Ripellino*, 158 N.C. App. at 428, 581 S.E.2d at 92 (rules of strict construction apply to interpretation of statutes dealing with curtailment of board's governmental immunity); *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 26, 348 S.E.2d 524, 527 (1986) ("[f]ollowing the rule of strict construction, we decline to impose any further waiver not created by the statute."). Accordingly, absent express language in section 115C-524 indicating that the statute curtails the school board's governmental immunity, that immunity cannot be curtailed.

Affirmed.

Judges HUNTER and JACKSON concur.